No. 2581

# BOWMAN v. BOWMAN

September 11, 1923.                    217 Pac. 1102.

1. JUDGMENT—DEFAULT JUDGMENT MAY BE SET ASIDE AFTER SIX-MONTH PERIOD IF NOTICE OF INTENTION IS FILED WITHIN SUCH PERIOD.

Under Rev. Laws, 5084, permitting the setting aside of a default judgment for answer on the merits, and, under District Court Rule No. 45, it is sufficient if the notice of intention to move for the vacation of a default judgment is given and filed within the prescribed six-month period, and unnecessary that the relief itself be actually granted within such time.

2. JUDGMENT—AUTHORIZING SETTING ASIDE OF DEFAULT JUDGMENT SHOULD BE LIBERALLY CONSTRUED.

Statute empowering courts to set aside default judgment should be liberally construed.

3. JUDGMENT—AFFIDAVIT IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT MAY BE MADE BY DEFENDANT'S COUNSEL.

An affidavit in support of a motion to set aside a default judgment may be made by defendant's attorney.

4. JUDGMENT—AFFIDAVIT IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT HELD SUFFICIENT.

An affidavit by defendant's counsel in support of a motion to set aside a default judgment of divorce which alleged that defendant had a good and meritorious defense and a cause of action against plaintiff, *held* sufficient to apprise the court that if the default and judgment were set aside defendant would answer on the merits.

5. JUDGMENT—AFFIDAVIT IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT NEED NOT AVER LACK OF KNOWLEDGE OF PENDENCY OF ACTION BY DEFENDANT.

An affidavit in support of a motion to set aside a default judgment need not aver that defendant had no actual notice of the pendency of the action in time to answer, such condition being not a prerequisite to a right to relief.

6. JUDGMENT—NOTICE OF INTENT TO MOVE FOR VACATION OF DEFAULT JUDGMENT HELD NOT DEFECTIVE.

The fact that the notice of intention to move for the vacation of a default judgment does not ask that defendant be permitted to answer on the merits of the action, and the fact that the motion was orally made *held* not to preclude granting the relief desired, particularly in view of statements in the affidavit that if the court would allow it defendant would answer on the merits.

APPEAL from Sixth Judicial District Court, Humboldt County; *J. A. Callahan*, Judge.

Action for divorce by Charles Stuart Bowman against Olive Lola Bowman. From an order overruling plaintiff's objections setting aside and vacating a default

judgment and permitting defendant to answer, plaintiff appeals. **Affirmed. Rehearing denied.**

*L. O. Hawkins,* for Appellant:

Court retains jurisdiction over judgment by default, where personal service was not made upon defendant, for six months. Rev. Laws, 5084.

Notice of motion is distinct from motion itself, and notice alone is not sufficient, on appeal, to show making of motion. 23 Cyc. 907, 911, 912; Beftincourt v. Superior Court, 163 Pac. 682.

Motion must not only be made, but it must be submitted and order granting relief must be made within time limited (Sargent v. Kindred, 67 N. W. 826; McKnight v. Livingston, 1 N. W. 14), though Osmont v. All Persons, 133 Pac. 482, holds rights of moving party not lost because court postponed decision.

Though not personally served, defendant must be free from neglect in not appearing and contesting, if she had actual notice in time to make defense. 23 Cyc. 915, 916; Fullen v. Wunderlich, 130 Pac. 1007.

Counsel's affidavit, containing no statement of facts, but mere conclusions of law, is insufficient. Pemberton v. Hoosier, 1 Kan. 108. Mere belief or information is insufficient; knowledge of facts is necessary. Horton v. New Pass Co., 21 Nev. 184.

Court did not have jurisdiction to set aside judgment, but, even if it did, the moving papers were insufficient.

*J. A. Langwith,* for Respondent:

Is any affidavit necessary at all, except some showing that there had never been personal service of summons and complaint? Rev. Laws, 5084; Howe v. Coldren, 4 Nev. 171. Courts are very liberal as to necessity of any affidavit at all. None is necessary as to merits.

In direct proceeding to set aside fraudulent decree defendant need not submit himself to jurisdiction of court nor show meritorious defense (15 R. C. L. 719), that being necessary only where judgment was taken through inadvertence, mistake, or excusable neglect. Crippen v. X. Y. Irrigation District, 76 Pac. 794.

The answer was filed in due time, as it was presented to court at time of and before making motion. 3 Estee's Pleading (4th ed.), sec. 4801; Carver v. Bryant, 102 N. W. 518.

The notice, having been filed and served two days before expiration of six-month period, was sufficient. District Court Rule 45; Stanton-Thompson Co. v. Crane, 24 Nev. 181.

Rights of moving party are not lost though court postponed decision beyond time' limited. Osmont v. All Persons, 133 Pac. 482; Kishlar v. S. P. Co., 66 Pac. 850.

Notice must be given, but not necessarily heard, within time limited. Albright v. Warkentin, 2 Pac. 614.

Refusal to set aside default may unjustly sustain ruinous judgment against party having good defense. Howe v. Coldren, 4 Nev. 171.

In this case there was no carelessness of defendant; she simply was not notified of suit against her.

By the Court, DUCKER, C. J.:

On the 17th day of February, 1922, the appellant (plaintiff in the court below) obtained a decree of divorce from respondent on default. To avoid confusion the parties will be hereafter referred to as they were desig-' nated in the court below. Service of summons was made by publication. On the 15th day of August, 1922, defendant, by her attorney, served upon the attorney for the plaintiff a copy of notice of intention to move the court on August 26, 1922, to set aside and vacate the judgment, and a copy of the affidavit of her attorney in support of the motion. The notice and affidavit were filed in said cause on the day of service. It was set out in the notice that the motion to set aside and vacate would be made on the ground that the summons in said action was not personally served on the defendant; that said summons was served by publication; and that six months had not elapsed since the rendition of the judgment.

It was averred in the affidavit, inter alia, that affiant was employed as an attorney for the defendant on or

about the 5th day of August, 1922; that on the affidavit of the plaintiff, in which it was alleged that the residence of the defendant was at Winchester, Scott County, State of Illinois, an order was made for the publication of summons and for the deposit in the United States postoffice of a copy thereof, and a certified copy of the complaint addressed to the defendant at her said place of residence; that the summons was published in the Humboldt Star, a newspaper published in Winnemucca, Humboldt County, Nevada; that one Thos. W. Marris made an affidavit to having deposited in the United States postoffice at said Winnemucca a copy of the summons and a certified copy of the complaint addressed to the defendant at said Winchester; and there was no return of the original summons to the court or the clerk thereof; that affiant is informed and believes, and on such information and belief alleges, that the defendant never received the said copy of the summons and complaint, and was never personally served with summons and a certified copy of the complaint; that she has a good and meritorious defense and cause of action against the plaintiff; that the affidavit is made in good faith and for the purpose of having the court set aside and vacate the said judgment, decree, and default, and to permit the defendant to file her answer and to answer to the merits of the action.

The motion came on for hearing before the court on the 15th day of September, 1922. Counsel for plaintiff was present and objected to the motion. Thereafter on the 10th day of October, 1922, the court made and entered the following order:

"It is ordered that the objections to the motion be and the same are hereby overruled, and the judgment, findings, and default rendered in said action are set aside and vacated and the answer of the defendant tendered at the hearing of said motion is ordered to be filed forthwith."

The order of the trial court is based upon that part of section 5084 of the Revised Laws which reads as follows:

"And when, from any cause, the summons, and a copy of the complaint in an action have not been personally served on the defendant the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within six months after the rendition of any judgment in such action, to answer to the merits of the original action."

1. The question presented for determination is whether the giving and filing of the notice of intention, within the time limited by the statute, gave the court authority, after the expiration of such time, to vacate its former judgment and permit the defendant to answer. The learned judge of the trial court was of the opinion that, while the notice of intention to move is not the same as a motion, still the giving and filing of a notice of intention to move within the six months after the entry of a judgment on the constructive service satisfies the statute. The court cited rule 45 of the District Court Rules (24 Pac. xii), which provides inter alia, that no judgment shall be vacated unless the party desiring such vacation shall give notice to the adverse party of a motion therefor within six months after the rendition of such judgment; and also cited the case of Kishlar v. Southern Pacific R. Co., 134 Cal. 636, 66 Pac. 848. In that case, under a statute providing that a party dissatisfied with the costs claimed may, within five days after notice of filing the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers, the court held that the serving and filing of written notice of motion to tax the cost bill was the equivalent of filing a motion, and a sufficient compliance with the statute.

This class of motions was considered by this court in Lind v. Webber, 36. Nev. 623, 640, 134 Pac. 461, 135 Pac. 139, 141 Pac. 458, 50 L. R. A. (N. S.) 1046, Ann. Cas. 1916A, 1202. The question presented was whether, under rule 34 (24 Pac. xii), which provides that "the party against whom judgment is entered shall have two days after service of a copy of the cost bill in which

to move to retax costs," which rule was in force at the time the order was made by the district court, and has since been superseded by section 445 of the practice act (Rev. Laws, 5387), a notice of motion to retax costs, filed and served within two days after the service of the cost bill, was sufficient, without actually filing and making in court within that time a motion to retax. It was held sufficient. The court said:

"If the court were inclined to enforce the literal language of the rule, instead of giving it a liberal interpretation, it might still be said that by first filing and serving a notice that on a certain day he will apply to the court for an order a litigant makes a move to retax costs," * * * but placed its decision on the broad ground that 'justice will be better served by holding that notice of the motion was sufficient until the motion was made before the court at the time of the hearing.' "

This phase of the foregoing case is strictly analogous to the case before us, and we perceive no reason, when the filing and serving of the notice of motion within the time limited satisfies the rule in that case, why the same action by the defendant in the other is not a sufficient compliance with the statute.

2. Statutes empowering courts to set aside default judgments are remedial and should be liberally construed. Howe v. Coldren, 4 Nev. 171. Particularly should the rule of liberality of construction be employed as to the provisions of a statute like the one under consideration, which is predicated on the assumption that the defendant may have had no notice of the commencement of the action. If the provision were construed according to its strict letter, not only the application for the order granting relief, but the order itself, must be made within the six-month period. Such a construction would, in many instances, deprive a party without actual notice of the commencement of the action of the full benefit of the statute. Accordingly, in regard to similar statutes, the weight of authority is to the effect that an application for relief within the time limited is sufficient, though the relief is thereafter granted. This is the rule in California from which our practice act is

borrowed. Osmont v. All Persons, 165 Cal. 587, 133 Pac. 480. In the case, supra, the court said:

"The right of a defendant, who has not been served with summons, to have his default opened is not absolute and unconditional. To secure the enjoyment of this right he must, first, make timely motion within the year; second, establish that he has a meritorious defense; and, third, comply with such reasonable terms as the court may impose in granting his motion. When all this has been satisfactorily shown and done, the right of the moving party does become absolute, and is not lost because the court postpones its decision upon the motion until the year has elapsed."

It will be observed that the court, in the decision just quoted from, states that timely motion within a year is one of the essential conditions to authorize a court to open a defendant's default, and it is conceded that notice of motion is not a motion. The California statute differs from ours, however, in that the former expressly provides that application for relief must be made within the time limited. In the absence of an express requirement of an actual application within the six-month period, and in view of the liberal rule of construction applicable by reason of the remedial nature of the statute, we think that its purpose will be best subserved by holding that the giving and filing of the notice of intention to move within the time limited were sufficient initiatory steps towards obtaining relief to justify the court in setting its judgment aside. Defendant's action in this regard was also within the limitations of rule 45 of the district court rules cited.

3, 4. It is contended that the affidavit filed in support of the motion is insufficient to warrant the granting of any relief to defendant for the reasons, first, that it should have been made by her and not her attorney, and, second, that it is not an affidavit of merits, and does not show that during the pendency of the action defendant had no actual notice thereof in time to appear and defend the action. We perceive no reason why the attorney could not make the affidavit as well as the defendant, if he was familiar with the facts (Howe v.

Coldren, 4 Nev. 171), and there is also enough appearing from the affidavit to apprise the court that, if the default and judgment were set aside, defendant would answer to the merits of the original action. Moreover, an answer was tendered at the hearing of the motion and ordered filed by the court. The affidavit of the attorney for the defendant is stronger than the one made by the attorney in Howe v. Coldren, supra, which was held sufficient. In that case, in regard to the defense it was merely averred that the defendant had a good legal and meritorious defense to the action. It does not disclose the sources of the affiant's information. In the instant case it appears from the affidavit that the affiant's information as to the merits of the defense was obtained from the defendant, and affiant alleges that she has a good and meritorious defense and cause of action against the plaintiff. The lower court deemed it sufficient, and we cannot say that there was any abuse of discretion in this regard.

5. The affidavit is not defective in that it is not averred therein that the defendant had no actual notice of the pendency of the action in time to answer. If our statute made lack of actual notice one of the conditions for setting aside a judgment when the defendant had not been personally served with summons in the action, as do the statutes of the states from which authority has been cited by appellant—for instance, Kansas and Nebraska—an affidavit failing to aver lack of actual notice would be insufficient. But it expresses no such condition. While some of the authorities cited by appellant hold to the contrary on statutes similar to ours, we cannot concur in such a construction. The statute gives a defendant, under prescribed conditions, the right to answer to the merits. Lack of actual notice is not one of them. Upon this point the Supreme Court of California has held contrary to plaintiff's contention. The court, after pointing out the distinction between the latter clause of the statute and the preceding clause, where the claim for defense is made on account of mistake, inadvertence, surprise, or inexcusable neglect, said:

"No such showing is required in the case of a defendant served by publication only. This difference in the requirements shows the different scope and purpose of the respective provisions. Under the latter clause the defendant need not present any excuse for his failure to appear except the fact that he was not personally served with the summons. It is manifest that in the majority of cases it would be utterly futile to require any further showing, for he would be ignorant of the entire proceeding, so far as any actual notice is concerned. Accordingly it is said that 'there is no presumption against him of lack of diligence in interposing his defense, as in a case where he was personally served.' Frankoviz v. Ireland, 35 Minn. 278, 28 N. W. 508. This is the key to the different effect of the two clauses. In the case where he is personally served, if he fails to appear in due time through mistake, surprise, inadvertence, or excusable neglect, when in fact he had a good defense, he is required to set forth in his application for relief the circumstances which caused his lack of diligence. Where he has had no personal service, there is, with respect to his right to relief in such cases, no presumption of knowledge or inexcusable negligence on his part and he is only required to show the lack of personal service. If there was any neglect on his part to the injury of the opposite party, which would make it inequitable to grant him the relief, proof of such neglect and of the circumstances causing injury must come from the plaintiff." Gray v. Lawlor, 151 Cal. 352, 90 Pac. 691, 12 Ann. Cas. 990.

The court quotes approvingly an extract from 1 Freeman on Jurisprudence (4th ed.), sec. 105, p. 154, as follows:

"On complying with the conditions of the statute, the moving party secures an absolute right to have the judgment opened, which the court has no discretion to deny."

In this respect this court seems to have already taken the same view of the statute that we do. In Stanton-Thompson Co. v. Crane, 24 Nev. 171, 181, 51 Pac. 116, 118, the court said:

"We must hold that under the last clause of section 68 of our practice act, above cited, the clause upon which the action of the court in this case is manifestly based, the respondents were not guilty of laches in this proceeding, as that clause confers upon the respondent the right at any time within six months after the rendition of the judgment, to answer to the merits of the action, where from any cause the summons and copy of the complaint have not been personally served upon them. This proceeding was commenced within the time limited by that clause."

6. There is no merit in the contention that the application was insufficient, because in the notice thereof it was not asked that defendant be permitted to answer to the merits of the action, and that the motion was made orally. The filing of a written motion for relief under the clause of the statute under consideration is not required by any statute or rule of court. The notice of intention to move served on counsel for plaintiff stated that the defendant would ask that judgment entered by default against her in this action, and all subsequent proceedings therein, be set aside and vacated. The affidavit, a copy of which was served with the notice stated "that, if the court will allow this defendant or her legal representative to do so, she will answer to the merits of the original action." This was sufficient to prevent plaintiff from being misled as to the ultimate purpose of the motion.

The orders of the lower court in overruling plaintiff's objections to the motion and in setting aside and vacating the judgment, findings, and default in the action, and permitting the answer of defendant to be filed, are affirmed.

It is so ordered.

### ON PETITION FOR REHEARING

March 10, 1924.

*Per Curiam:*

Rehearing denied.