## KATBY NAHAS, Appellant, *v.* GABRIEL C. NAHAS, Respondent.

No. 3252

May 6, 1939.                                90 P. (2d) 223.

*McCarran, Rice & Bible,* for Appellant:

*M. A. Diskin,* for Respondent:

**OPINION**

By the Court, ORR, J.:

This is an appeal from an order of the court below setting aside a default judgment and decree of divorce, and permitting the respondent herein to file his answer.

The parties were married in New York City on January 25, 1925, and immediately thereafter went to Bierut, Syria, to reside. The parties resided at Bierut, Syria, until October 1936, at which time appellant left for New York, and arrived on November 5, 1936. On July 28, 1937, appellant left New York for Reno, Nevada.

On September 9, 1937, a complaint was filed by appellant in the district court of Washoe County, asking that the bonds of matrimony existing between appellant and respondent be dissolved, and on the same day summons was issued; affidavit for publication was filed, and also affidavit of mailing a copy of the complaint and summons to the husband.

On October 22, 1937, the original summons was returned and filed, showing service to have been made

upon the respondent at Ehden, Republic of Lebanon, on October 5, 1937. On November 5, 1937, default of the respondent was entered, trial had, and judgment and decree of divorce entered. On May 3, 1938, notice of motion and motion by respondent to set aside the default were filed and served. The motion was finally submitted to the court for decision, on July 29, 1938, and on the same date the court entered its order setting aside the default and default judgment.

Appellant makes three assignments of error. The conclusion we have reached as to the first leaves unnecessary a consideration of the second and third.

The first assignment is that the trial court erred in its decision, ruling and holding that *"personal service"* as used in section 8640 N. C. L. means *"personal service"* within the State of Nevada.

■ Section 8640 N. C. L. reads as follows: "The court may, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, and may upon like terms enlarge the time for an answer, reply, or demurrer, or demurrer to an answer or reply filed. The court may likewise, upon affidavit showing good cause therefor, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars, and may upon like terms allow an answer or reply to be made after the time limited; and may, upon such terms as may be just, and upon payment of costs, relieve a party or his legal representatives from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; and when, from any cause, the summons, and a copy of the complaint in an action have not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within six months after the rendition of any judgment

in such action, to answer to the merits of the original action."

If we correctly understand the position of appellant, it is this: that in enacting section 8640 the legislature had in mind the protection of parties who would have judgments by default taken against them without their having any knowledge whatsoever of a pending action, such as in a publication case; but by permitting service outside the state in lieu of publication, the presumption of actual knowledge would obtain, and thus remove such party from without the class intended to be protected. Section 8640 expresses no such condition. If knowledge is to be made the determining factor as to whether service is personal in the sense the word is used in section 8640, then in a case where receipt of a copy of summons by mail was had, knowledge would be presumed; and it seems as reasonable to say that because of the actual knowledge thus obtained, personal service as contemplated by section 8640 was had. However, it is conceded that such service is not personal service.

■ Authority for service outside the state is found in section 8583 N. C. L., as amended by Statutes 1931, p. 159, c. 95, sec. 2, reading in part as follows: "When publication is ordered, personal service of a copy of the summons and complaint, out of the state, shall be equivalent to completed service by publication and deposit in the post office, and the person so served shall have thirty days after said service to appear and answer or demur. The service of summons shall be deemed complete in cases of publication at the expiration of four weeks from the first publication, and in cases when a deposit of a copy of the summons and complaint in the post office is also required, at the expiration of four weeks from such deposit."

This section does not declare that service outside the state shall be deemed personal service, but does declare that such service shall be equivalent to completed service by publication and deposit in the post office.

.The word "equivalent" is defined by Webster to mean: "equal in value, area, volume, force, meaning, or the like; synonym: alike, identical."

Service outside the state is substituted service and cannot be made the basis of a personal judgment. Bowers on Process and Service, section 296.

In the case of Wheaton Flour Mills Co. v. Welsh, 122 Minn. 396, 142 N. W. 714, 715, Ann. Cas. 1915B, 563, it was held: "Delivery to a defendant outside the state of a summons is not personal service thereof within the meaning of section 4113 of the Code. It is merely the equivalent or substitute for a completed statutory service of summons by publication."

This is the only case found which deals with the precise question.

Appellant contends that the force of this decision as authority has been destroyed by the holding in the case of Beelman v. Beck, 164 Minn. 504, 205 N. W. 636. In the latter case the defendant had been served outside the State of Minnesota, and delayed for five months to take action asking for relief from a default judgment (the Minnesota statute allows one year to a defendant who has not been personally served to appear and defend). The court, in that case, held that a delay of five months in taking action constituted laches, and the defendant had thereby lost his right to defend. No finding was had as to whether the service was or was not personal service, leaving undisturbed the finding in Wheaton Flour Mills Co. v. Welsh, supra. Many of the decisions cited by appellant turn upon the question of laches or the principle of estoppel. This has lead to much confusion. These decisions do not decide as to whether the service outside the state is *personal service*, but determine the cases upon whether or not the party seeking relief has acted promptly; and in so doing, the courts have made inquiry as to whether *actual knowledge* of the pendency of the action or the entry of default was had by the moving party, and thus have

read into the statute that element, and established as the law in some states a limitation on the right to move to set aside a default within the statutory period.

While this precise question was not before the court in the case of Bowman v. Bowman, 47 Nev. 207, 217 P. 1102, that case is authority on the proposition that actual knowledge is not a factor in determining whether *personal service* as used in section 8640 means service within or without the state; at page 214 of that decision, 217 P. at page 1104 the court said: "The affidavit is not defective in that it is not averred therein that the defendant had no actual notice of the pendency of the action in time to answer. If our statute made lack of actual notice one of the conditions for setting aside a judgment when the defendant had not been personally served with summons in the action, as do the statutes of the states from which authority has been cited by appellant, for instance Kansas and Nebraska, an affidavit failing to aver lack of actual notice would be insufficient. But it expresses no such condition. While some of the authorities cited by appellant hold to the contrary on statutes similar to ours, we cannot concur in such a construction. The statute gives a defendant, under prescribed conditions, the right to answer to the merits. Lack of actual notice is not one of them."

And in the same case the court also quotes with approval the following statement taken from the case of Stanton-Thompson Co. v. Crane, 24 Nev. 171, 181, 51 P. 116, 118, which we believe is pertinent here: "We must also hold that under the last clause of section 68 of our practice act, above cited,—the clause upon which the action of the court in this case is manifestly based,—the respondents were not guilty of laches in this proceeding, as that clause confers upon the respondent the right at any time within six months after the rendition of the judgment, to answer to the merits of the action, where, from any cause, the summons and copy of the complaint have not been personally served upon them.

This proceeding was commenced within the time limited by that clause."

We deem it unnecessary to go into the questions of laches or estoppel in this case. Such would not be responsive to any assignment of error made by appellant.

■■■ If *personal service* as used in section 8640 means *personal service* within the State of Nevada, and we decide that it does, then under the issues presented here all that was necessary for the respondent to do was to file his notice of motion to set aside the default and default judgment within six months from the rendition thereof, and, upon the hearing of the motion, to show that the defendant had not been personally served with summons within the State of Nevada. As to such a showing being made, there is no dispute.

Since the decision on the motion in the trial court, the question here presented has been taken care or by an amendment enacted in 1939 (chap. 154, p. 205, session laws of 1939).

The order appealed from is affirmed.

### ON PETITION FOR REHEARING

July 7, 1939.                          92 P. (2d) 718.

For former opinion, see 59 Nev. 220, 90 P.(2d) 223.

*McCarran, Rice & Bible,* for Appellant.

*M. A. Diskin,* for Respondent.

## OPINION

By the Court, ORR, J.:

Appellant has filed herein a petition for rehearing, wherein it is urged, among other things, that this court in its opinion laid down the rule that where personal service has not been made upon a defendant and default is taken against him, his right to have such default set aside at any time within six months is absolute. We did not intend to so decide, and were dealing with the circumstances of this particular case, rather than with the thought of establishing a general rule.

However, conceding that the opinion admits of such

a construction, and in view of the fact that the question may arise hereafter in cases where service is made by publication and mailing, notwithstanding the 1939 amendment (chap. 154, p. 205, session laws of 1939), we deem it advisable to clarify the situation.

We are satisfied with our holding "that personal service, as used in section 8640 N. C. L. means personal service within the state." We further decide that where personal service is not made and default taken, defendant has the right at any time within six months to move the court to set aside the default. The filing and service of a notice of motion within the time, followed by a motion for relief from the default and proof that the notice and motion is seasonably given and made, constitutes a prima facie showing in favor of a defendant. If there are circumstances which would make the granting of the relief inequitable, such as a showing of laches or inexcusable neglect, of sufficient strength to create an estoppel, it becomes the duty of the plaintiff to set them up, in order that they may be taken into consideration by the court in exercising the discretion given it by section 8640 N. C. L. Bowman v. Bowman, 47 Nev. 207, 217 P. 1102, quotes with approval a statement to this effect from the case of Gray v. Lawlor, 151 Cal. 352, 90 P. 691, 12 Ann. Cas. 990. For additional California authorities see: Hiltbrand v. Hiltbrand, 218 Cal. 321, 23 P. (2d) 277, at page 278; Palmer v. Lantz, 215 Cal. 320, 9 P. (2d) 821, at page 823; 14 Cal. Jur. 1031, n. 2; Cal. Jur. Ten Year Supp., vol. 7, p. 283, sec. 91; 9 Cal. Jur. 746, n. 7; Cal. Jur. Ten Year Supp., vol. 5, pp. 275, 276.

In this case the defendant, assuming a burden which was not his, made a showing which satisfied the trial court that he had established excusable neglect, and the court exercised its discretion in accordance therewith. We find that there was no abuse of discretion by the trial court.

Appellant assigns as error the entry of the order of the court on May 27, 1938, permitting respondent to

file an affidavit of merits and a verified answer, after the six-months' period had elapsed, contending that service of a copy of these with the notice of motion was necessary to constitute a valid notice under court rule 45. This contention is without merit. The affidavit of M. A. Diskin, served and filed with the notice of motion, discloses the date service upon respondent was made and that it was made out of the state, also that the default was entered on November 5, 1937. The filing date endorsed on the notice of motion and the date of admission of service by counsel for appellant is May 3, 1938. This brought the movant within the six-months' period. The facts contained in the affidavit of M. A. Diskin made a prima facie showing. The filing of an affidavit of merits and a verified answer was not required with the notice of motion. The notice of motion stated that a verified answer would be filed, a copy of which was tendered at the time. "This was sufficient to prevent plaintiff from being mislead as to the ultimate purpose of the motion." Bowman v. Bowman, 47 Nev. 207, at page 216, 217 P. 1102, at page 1105.

In this case appellant, consistent with her theory that the service made was personal service, relied on that portion of section 8640 N. C. L., requiring a showing of mistake, inadvertence, surprise or excusable neglect, and assigned as error the finding of the court that respondent had made such a showing, failing to recognize that the burden was upon her to establish inexcusable neglect on the part of defendant. If in the opinion of the appellant the record disclosed that she had met such burden, then in order to have that matter considered by this court, such assignment should have been made.

The petition for rehearing is denied.