LELAND B. JENKINS, Appellant, v. DAVID GOLD–WATER as Guardian Ad Litem for GEORGETTE JENKINS, aka GEORGETTE BECKJORD, aka GEORGETTE MOORE, an Incompetent, Respondent.

No. 5488

June 28, 1968 442 P.2d 897

*Hawkins & Walker,* of Las Vegas, for Appellant.

*Lionel & Sawyer,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

Appeal is taken from the district court's denial of a Rule 60(c)[1] motion to vacate a default judgment annulling a marriage. The defendant was not personally served with process

---

[1]NRCP 60(c) reads: "When a default judgment shall have been taken against any party who was not personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, and who has not entered his general appearance in the action, the

in Nevada or elsewhere. Service was by publication. His motion to vacate was timely filed within six months from date of rendition, and was supported by an affidavit and a proposed answer to the merits denying material averments of the complaint. The record does not reflect that the defendant had knowledge of the pendency of the annulment case. He did learn of the judgment of annulment within one month after its entry, but waited to file his motion to vacate until the six-month period granted by the rule was about to run. Apparently, it was this circumstance which led the district court to rule against the motion, although the record does not suggest that either party had changed position in reliance upon the judgment. As we read relevant case law, the motion to vacate should have been granted in these circumstances. Therefore, we reverse.

When the defendant has not been personally served with process, different standards govern the exercise of discretion in ruling upon a motion to vacate a default judgment than those which control when personal service has been made. In the former case a showing of mistake, inadvertance, surprise or excusable neglect is not a precondition [Bowman v. Bowman, 47 Nev. 207, 217 P. 1102 (1923); Nahas v. Nahas, 59 Nev. 227, 92 P.2d 718 (1939), on rehearing; Gray v. Lawlor, 90 P. 691 (Cal. 1907)] as it is when the motion is made pursuant to NRCP 60(b)(1). This, because in the absence of personal service, there is good reason to believe that the defendant did not appear in the case due to his unawareness of its pendency. That reason does not exist when he is personally served and, therefore, different grounds than lack of notice must be shown to justify a setting aside of the default judgment.

When there has not been personal service upon the defendant and he has not entered a general appearance in the action, Rule 60(c) seems to require only that he file his motion to vacate within six months after rendition of the default judgment. It is silent as to the need for any further showing, and

court, after notice to the adverse party, upon motion made within six months from the date of rendition of such judgment, may vacate such judgment and allow the party or his legal representatives to answer to the merits of the original action. When, however, a party has been personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, he must make his application to be relieved from a default, a judgment, an order, or other proceeding taken against him, or for permission to file his answer, in accordance with the provisions of subdivision (b) of this rule."

provides that in such instance the court "may" vacate the judgment. Indeed, Bowman v. Bowman, supra, and Nahas v. Nahas, 59 Nev. 220, 90 P.2d 223 (1939), each may be read to indicate that if the motion to vacate is timely filed, the defendant secures an absolute right to have the default judgment set aside, and the court is without discretion to deny him. However, on the rehearing of Nahas v. Nahas, 59 Nev. 227, 92 P.2d 718 (1939), the court retreated from that position and acknowledged that there may be circumstances that would allow the trial court to exercise its discretion and deny the motion. In so ruling, however, the court placed the duty on the plaintiff to show such circumstances. It wrote: "If there are circumstances which would make the granting of the relief inequitable, such as a showing of laches or inexcusable neglect, of sufficient strength to create an estoppel, it becomes the duty of the plaintiff to set them up, in order that they may be taken into consideration by the court in exercising the discretion given it * * *." Id. at 229.

In the case at hand the plaintiff offered nothing in opposition to the defendant's motion to vacate and, under the authorities cited, the district court was bound to grant the motion.

A defendant who seeks to vacate a default judgment under Rule 60(c) must show (a) that he was not personally served; (b) that his motion is timely filed; and (c) a meritorious defense. The latter requirement is not expressed in the Rule but is imposed by case law since good sense demands that a default judgment, entered with jurisdiction, should not be set aside unless there is alleged to be a meritorious defense upon the merits. This is so whether the motion is made pursuant to Rule 60(c) or its statutory counterpart [Gray v. Lawlor, supra], or pursuant to 60(b) [Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963)]. The tendering of a responsive pleading which, if true, would tend to establish such a defense is sufficient to satisfy this requirement. Hotel Last Frontier v. Frontier Prop., supra.

When these factors are shown a prima facie case is made in favor of the motion to vacate. The burden then shifts to the plaintiff to show circumstances which would make the granting of the motion inequitable. The trial court is bound to rule in favor of the movant's prima facie case unless the plaintiff, in opposition, makes the requisite showing, in which event the court may exercise a judicial discretion.

Other assignments of error need not be considered.
Reversed.

COLLINS, ZENOFF, BATJER, JJ., and YOUNG, D. J., concur.