VAN V. SPINOSA, APPELLANT, *v.* VIRGINIA ROWE, RESPONDENT.

No. 6270

January 27, 1971                              480 P.2d 157

[Rehearing denied February 23, 1971]

*Nelson Limited,* of Las Vegas, for Appellant.

*Barry & Hall,* of Reno, for Respondent.

**OPINION**

By the Court, MOWBRAY, J.:

This appeal is taken from an order of the district court granting respondent-defendant Virginia Rowe's motion to vacate a default judgment. NRCP 60(c).[1]

---

[1]NRCP 60(c):

*"Default Judgments: Defendant Not Personally Served.* When a default judgment shall have been taken against any party who was not personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, and who has not entered his general appearance in the action, the court, after notice to the adverse party, upon motion made within six months from the date of rendition of such judgment, may vacate such judgment and allow the party or his legal representatives to answer to the merits of the original action. When, however, a party has been personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, he must make his application to be relieved from a default, a judgment, an order, or other proceeding taken against him, or for permission to file his answer, in accordance with the provisions of subdivision (b) of this rule."

1.  *The Facts.*

Spinosa commenced this action in district court by filing a complaint against Rowe, seeking $1,836.70 in damages plus attorney fees and costs. Rowe was never personally served with process. William W. Morris of the Clark County Bar, who had represented Rowe in previous justice court litigation, was served in Las Vegas with a copy of the complaint and summons. Mr. Morris advised Spinosa's counsel by letter that he was not authorized to accept service for Rowe and that he was not her attorney.[2] Regardless, counsel for Spinosa proceeded to take a default judgment against Rowe and levied execution on the judgment by causing the sheriff to notice Rowe's property for sale. Rowe read the notice of sale which appeared in the newspaper, secured her present counsel, and moved to set aside the default judgment. The district judge granted the motion, and we affirm.

2.  *The Default Judgment.*

Jenkins v. Goldwater, 84 Nev. 422, 442 P.2d 897 (1968), is dispositive of the issue presented in this case. In Jenkins, this court said, 84 Nev. at 425, 442 P.2d at 899:

"A defendant who seeks to vacate a default judgment under Rule 60(c) must show (a) that he was not personally served; (b) that his motion is timely filed; and (c) a meritorious defense. . . .

"When these factors are shown a prima facie case is made in favor of the motion to vacate. The burden then shifts to the plaintiff to show circumstances which would make the granting of the motion inequitable. The trial court is bound to rule in favor of the movant's prima facie case unless the plaintiff, in

---

[2]"July 8, 1969

"Clarence A. Nelson, Jr., Esq.
Attorney at Law
309 South Third Street
Las Vegas, Nevada   89101

> Re:   Van V. Spinosa v. Virginia Rowe

Dear Jack:

This is with reference to the complaint served upon me in the above matter. I hereby inform you that I have no authority to acknowledge service on the defendant Virginia Rowe. Her attorney is Bryan Hall in Reno, Nevada.

Sincerely yours,

BELL & MORRIS
William W. Morris

WWM:ao
Enc."

opposition, makes the requisite showing, in which event the court may exercise a judicial discretion."

Rowe, in presenting her motion to vacate, made a prima facie case as required by Rule 60(c), which gave the district judge a sufficient reason to set aside the default. In opposition, Spinosa claims that Mr. Morris had agreed prior to commencement of the action to accept service in this case. This was repudiated by Morris's letter to Spinosa's counsel, dated July 8, 1969.

There was no abuse of judicial discretion, and the order setting aside the default judgment is affirmed.

ZENOFF, C. J., BATJER, THOMPSON, and GUNDERSON, JJ., concur.