BASF CORPORATION, INMONT DIVISION, Appellant, *v.* JAFBROS, INC., Respondent.

No. 19086

March 30, 1989                    771 P.2d 161

*Paul W. Freitag*, Sparks, for Appellant.

*William W. Harrison,* Sparks, for Respondent.

## OPINION

*Per Curiam:*

Barrett Paint Supply sold respondent Jafbros, Inc. a paint mixing system. Jafbros made the down payment and failed to pay the remaining balance. Barrett then filed a complaint against Jafbros for money allegedly owed.

Jafbros filed its answer, counterclaim and cross-claim against third-party defendants Glasurit and Glasurit/Limco. Appellant Basf Corporation, Inmont Division, used Glasurit as a trade name. Subsequently, Jafbros filed an amended third-party cross-claim against Basf. Since Basf, a foreign corporation, had no agent, cashier or secretary within Nevada, Jafbros served the summons and complaint upon the secretary of state's office according to NRCP 4(d)(2). However, the summons and complaint were never forwarded to Basf. The district court entered a default judgment against Basf and denied Basf's motion to set aside this judgment.

Basf appeals, alleging that the district court abused its discretion in refusing to set aside the default judgment pursuant to NRCP 60(c).[1] We agree.

A defendant who seeks to vacate a default judgment under NRCP 60(c) must satisfy three conditions: (1) he was not personally served; (2) he filed his motion in a timely fashion; and (3) he has a meritorious defense. Jenkins v. Goldwater, 84 Nev. 422, 425, 442 P.2d 897, 899 (1968).

In the instant case, Basf was not personally served since the secretary of state never forwarded the summons and complaint. As well, Basf filed its motion to set aside the default judgment within the six months allowed by statute.

Finally, Basf argues that it established a meritorious defense through its counsel's affidavit and a deposition of John Lupo, one of its sales representatives. Statements in these documents indicate that thousands of body shops and automobile dealerships have purchased the paint mixing machine and they continue to operate successfully. Moreover, Jafbros may not have operated the machine properly because it failed to use Glasurit products. These statements, if true, would demonstrate a meritorious defense sufficient to satisfy the last requirement. See Jenkins, 84 Nev. at 425, 422 P.2d at 899 (holding that a responsive pleading which, if true, would tend to establish a meritorious defense is sufficient to satisfy the third requirement for vacation of default). Therefore, Basf made a prima facie case under NRCP 60(c).

Once the movant demonstrates the presence of the three criteria, a prima facie case exists in favor of the motion to vacate the default judgment, and the burden shifts to the opposing party to show circumstances which would make granting the motion inequitable. Id. Consequently, the opposing party's demonstration of such circumstances allows the trial court to exercise its discretion and deny the motion. Id.

Jafbros asserts two circumstances which, it contends, meet its burden and allow the district court discretion in deciding whether

---

[1]NRCP 60(c) provides in part:

(c) Default Judgments: Defendant Not Personally Served. When a default judgment shall have been taken against any party who was not personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, and who has not entered his general appearance in the action, the court, after notice to the adverse party, upon motion made within six months from the date of rendition of such judgment, may vacate such judgment and allow the party or his legal representatives to answer to the merits of the original action.

to set aside the motion. First, Jafbros argues that Basf had knowledge of the lawsuit because Lupo gave a deposition at the request of the original plaintiff, Barrett. Moreover, according to Jafbros, Barrett informed Basf of the suit and cross-claim against Glasurit. However, Lupo is not an officer or director of the corporation, and the record does not reflect that Basf knew of the third-party complaint against Glasurit from Lupo or Barrett.

Second, Jafbros contends that the secretary of state did not know the names and addresses of Basf's corporate officers because Basf failed to file its list of officers for the year of 1987. Jafbros correctly states that non-compliance with the filing requirement deprives a corporation of the right to do business within the State of Nevada. NRS 80.150. Jafbros argues that Basf's non-compliance makes setting aside the default judgment inequitable. However, equity does not demand that a corporation, delinquent in its filings with the secretary of state, lose the opportunity to defend itself against a lawsuit. Consequently, since Jafbros failed to meet its burden in opposing Basf's set aside motion, the district court committed reversible error by ruling against the motion.

Accordingly, we reverse the order from which Basf appealed and remand the case with instructions to the district court to vacate its default judgment and to permit Basf to file an answer.