An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RON HANSEN; ENNIS JORDAN; MICHAEL PIZZOLLA; AND RICHARD TAGGART, EACH INDIVIDUALLY AND DERIVATIVELY AS MEMBERS OF THE NEW LAS VEGAS COUNTRY CLUB, A NON-PROFIT CORPORATION,
Appellants,
vs.
NEW LAS VEGAS COUNTRY CLUB,
Respondent.

No. 64497



FILED

SEP 10 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order granting summary judgment in a declaratory relief action. Eighth Judicial District Court, Clark County; Susan Scann, Judge.

Appellants sought from the district court a declaration that Article VI, Section 2 of respondent's 2013 bylaws (the 2013 bylaw), which establishes full-access, non-voting memberships, conflicts with respondent's articles of incorporation, which require each membership to have a vote and that respondent remain a non-public club. Appellants sought to have the 2013 bylaw declared void. Respondent moved to dismiss the complaint, arguing, among other things, that the action was barred by laches and judicial and equitable estoppel. The district court converted the motion to dismiss into a motion for summary judgment and granted summary judgment on those grounds. Appellants appealed, arguing that laches and judicial and equitable estoppel do not apply and that this court should declare the 2013 bylaw void.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27419

"To determine whether a challenge is barred by the doctrine of laches, this court considers (1) whether the party inexcusably delayed bringing the challenge, (2) whether the party's inexcusable delay constitutes acquiescence to the condition the party is challenging, and (3) whether the inexcusable delay was prejudicial to others." *Miller v. Burk*, 124 Nev. 579, 598, 188 P.3d 1112, 1125 (2008). In this case, respondent has offered varying forms of non- or partial-voting memberships during almost the entire course of its existence. Appellants have been members of respondent for between 12 and 23 years and have all served on respondent's Board of Directors. Given appellants' long time membership and respondent's long history of offering non-voting memberships, we conclude that the district court did not err when it found that appellants' challenge to the non-voting aspect of the 2013 bylaw is barred by laches. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing summary judgment de novo); *Carson City v. Price*, 113 Nev. 409, 412, 934 P.2d 1042, 1043 (1997) ("'The condition of the party asserting laches must become so changed that the party cannot be restored to its former state.'" (quoting *Home Sav. Ass'n v. Bigelow*, 105 Nev. 494, 496, 779 P.2d 85, 86 (1989))).

Appellants challenged two aspects of the 2013 bylaw, however. The district court made no finding, and respondent made no argument, that laches bars appellants from asserting that the 2013 bylaw violates Article II of respondent's articles of incorporation, which requires respondent to be a non-public club. Accordingly, we conclude that no evidence in the record before us supports the district court's summary judgment on the non-public issue based on laches. Similarly, the district court did not make any findings that estoppel applies to appellants'

argument that the 2013 bylaw violates the non-public club provisions of the articles of incorporation. Therefore, we reverse the district court's summary judgment as to this issue. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for further proceedings.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Susan Scann, District Judge
Ara H. Shirinian, Settlement Judge
Eglet Prince
Christiansen Law Offices
Law Offices of John Benedict
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A