An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MITCHELL CAPITAL, LLC,
Appellant,
vs.
POWERCOM, INC. D/B/A ELECTRICAL
SOLUTIONS, A NEVADA
CORPORATION; JA'NEECE
REYNOLDS, INDIVIDUALLY, AND AS
THE SPECIAL ADMINISTRATOR TO
THE ESTATE OF JACOB REYNOLDS,
Respondents.

No. 64669

FILED

SEP 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from an order denying relief from a default judgment, certified as final under NRCP 54(b), in a declaratory relief action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Appellant Mitchell Capital, LLC, filed a confession of judgment against respondent Powercom, Inc., in the district court. Jacob Reynolds, now deceased, owned Powercom. Prior to his death, Jacob Reynolds executed a life insurance policy naming Powercom and his wife, respondent Ja'Neece Reynolds (Reynolds), equal beneficiaries. Upon Jacob Reynolds' death, Powercom received its share of the policy proceeds.[1] Powercom and Reynolds filed a declaratory relief action in district court, seeking a decree that Powercom's insurance proceeds were exempt from execution by Powercom's creditors pursuant to NRS

[1]The policy proceeds paid directly to Ja'Neece Reynolds are not at issue in this appeal.

687B.260. This declaratory relief action was separate from the action regarding Mitchell's prior confession of judgment, was assigned to a different department, and named many defendants including Mitchell. Mitchell failed to appear in the declaratory relief action, and the district court entered a default judgment against Mitchell. The district court denied Mitchell's subsequent motions to set the judgment aside. Mitchell now appeals, challenging the denial of those motions.

*The district court properly exercised its discretion by denying Mitchell's motion to set aside the judgment pursuant to NRCP 60(c)*

The district court properly exercised its discretion by denying Mitchell's NRCP 60(c) motion to set aside the judgment for lack of personal service. We review a district court's order denying a motion to set aside a default judgment for an abuse of discretion. *Price v. Dunn*, 106 Nev. 100, 103, 787 P.2d 785, 787 (1990), *overruled on other grounds by NC-DSH, Inc. v. Garner*, 125 Nev. 647, 651 n.3, 218 P.3d 853, 857 n.3 (2009). In doing so, we will not disturb factual findings that are supported by substantial evidence. *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009).

NRCP 60(c) provides:

> When a default judgment shall have been taken against any party who was not personally served with summons and complaint . . . and who has not entered a general appearance in the action, the court, after notice to the adverse party, upon motion made within 6 months after the date of service of written notice of entry of such judgment, may vacate such judgment . . . .

Therefore, an NRCP 60(c) movant must demonstrate that (1) the motion was filed within six months after service of notice of entry of the default judgment, and (2) the movant was not personally served with a summons

and complaint. *See Basf Corp., Inmont Div. v. Jafbros, Inc.,* 105 Nev. 142, 144, 771 P.2d 161, 162 (1989); *see also Epstein v. Epstein,* 113 Nev. 1401, 1405, 950 P.2d 771, 773 (1997) (overruling cases that required an NRCP 60(c) movant to also show that it had a meritorious defense). Once a movant makes this showing, "the burden shifts to the opposing party to show circumstances which would make granting the motion inequitable." *Basf,* 105 Nev. at 144, 771 P.2d at 162.

The district court properly concluded—and Powercom and Reynolds do not dispute—that Mitchell made the requisite showing to shift the burden to Powercom and Reynolds according to *Basf. See id.* We therefore review the district court's conclusion that Powercom and Reynolds met their burden to show granting Mitchell's motion would have been inequitable under a theory of laches. We hold that the district court did not abuse its discretion.

"Laches is more than mere delay in seeking to enforce one's rights, it is delay that works a disadvantage to another." *Home Savings Ass'n v. Bigelow,* 105 Nev. 494, 496, 779 P.2d 85, 86 (1989). "The condition of the party asserting laches must become so changed that he cannot be restored to his former state." *Id.*

Powercom and Reynolds first attempted to serve Mitchell through Ms. Gottschalk, Mitchell's attorney at the time. Ms. Gottschalk initially promised to ask Mitchell whether she could accept service, but later indicated she no longer represented Mitchell. This suggests Mitchell was aware of the action and terminated the representation to avoid service. Powercom and Reynolds next attempted to serve Mitchell at the address of its registered agent, but the person at the front desk turned the process server away, indicating Mitchell had not been there for several

years. In combination, this evidence supports the district court's finding that Mitchell knew of the declaratory relief action but delayed asserting its right to appear. *See Ogawa*, 125 Nev. at 668, 221 P.3d at 704.

Substantial evidence also supports the district court's finding that this delay severely prejudiced Powercom and Reynolds. Powercom and Reynolds filed the declaratory action for the express purpose of determining what they could and could not do with the insurance proceeds. By failing to appear in a timely manner, Mitchell prevented the district court from adjudicating the merits of Mitchell's claim to the insurance proceeds. As a result, and pursuant to the default judgment, Powercom and Reynolds did not reserve any of the insurance proceeds for Mitchell. Where, as here, other creditors who appeared in the action claimed portions of the insurance proceeds, we cannot conclude the district court abused its discretion by finding substantial prejudice would result from forcing Powercom and Reynolds to return the insurance proceeds to satisfy Mitchell's claim. *See Home Savings Ass'n*, 105 Nev. at 496, 779 P.2d at 86. Nor are we persuaded that disbursing the insurance proceeds to Reynolds changes this result. Indeed, Reynolds was a party to the declaratory relief action in order to have both Powercom's and her own rights to the insurance proceeds adjudicated.

We therefore conclude the district court did not abuse its discretion by finding that vacating the default judgment would be inequitable, and we affirm the district court's denial of Mitchell's NRCP 60(c) motion to set aside the default judgment.

*The district court properly denied Mitchell's motion to set aside the judgment as void for lack of personal jurisdiction*

Mitchell further argues the district court abused its discretion by denying Mitchell's NRCP 60(b) motion to set aside the judgment as void

for lack of personal jurisdiction. We disagree. When a defendant "by concealment seeks to avoid the service of summons," a district court may allow service of process by publication. NRCP 4(e)(1)(i). As discussed above, substantial evidence supports the district court's finding that Mitchell knew of the action. Moreover, the same evidence suggests Mitchell concealed itself to avoid service. Accordingly, substantial evidence supports the district court's conclusion that service by publication was proper and that it had personal jurisdiction over Mitchell, see id., and the district court therefore did not abuse its discretion by denying Mitchell's NRCP 60(b) motion even if Mitchell did not waive this argument. See Saavedra-Sandoval v. Wal-Mart Stores, Inc., 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").[2]

---

[2]Because Powercom and Reynolds clearly sought an interpretation of NRS 687B.260, not Mitchell's judgment, we reject Mitchell's argument that declaratory relief was unavailable. See NRS 30.040(1) (stating a party may seek an interpretation of a statute in a declaratory relief action). We also summarily reject Mitchell's claim that a corporation cannot claim an exemption for life insurance proceeds because "exemptions are to be liberally construed in favor of the debtor," In re Fox, 129 Nev., Adv. Op. 39, 302 P.3d 1137, 1140 (2013) (internal quotation marks omitted), and beneficiaries are not expressly limited to natural persons. See NRS 687B.260(1); see also NRS 0.039.

Finally, the declaratory relief action did not indirectly challenge the legal basis for Mitchell's prior judgment, and thus was not an improper collateral attack. See Sheriff, Clark Cnty. v. Hatch, 100 Nev. 664, 666, 691 P.2d 449, 450 (1984) (defining collateral attack). Similarly, because the declaratory relief action involved many parties unrelated to Mitchell's judgment, the district court did not err by exercising subject matter jurisdiction over the action. See Pub. Serv. Comm'n of Nev. v. Eighth

continued on next page...

For these reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Mark R. Denton, District Judge
Robert F. Saint-Aubin, Settlement Judge
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
Aldrich Law Firm, Ltd.
Eighth District Court Clerk

---

...*continued*

*Judicial Dist. Court*, 107 Nev. 680, 684, 818 P.2d 396, 399 (1991) (stating that a court will not entertain a declaratory judgment action if there is another action pending that involves the same parties and the same issues).