THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA, A CORPORATION, ON BEHALF OF ITSELF
AND OTHERS SIMILARLY SITUATED, APPELLANT, *v.*
INSURANCE COMMISSIONER OF THE STATE
OF NEVADA, RESPONDENT.

No. 4926

January 3, 1966                    409 P.2d 248

*Richard R. Hanna,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, and *Daniel R. Walsh,* Deputy Attorney General, of Carson City, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The question presented on this appeal is whether an insurance company may seek a judicial declaration of the meaning of the insurance premium tax statute by an action for declaratory relief, or must it petition to "review" an order of the insurance commissioner in the manner provided by the Nevada Insurance Law? The proceeding below was for declaratory relief and was dismissed because that court believed that the remedy provided by the insurance code was exclusive. We do not agree and reverse.

Of course, the dismissal precluded inquiry into the merits of the controversy. The mutual life insurance companies and the insurance commissioner have different views about the meaning of the insurance premium tax statute, NRS 686.010. The companies contend that the statute imposes a tax only upon the stated and fixed premiums as reflected in the policies of insurance. On the other hand, the commissioner believes that the statute also allows a tax upon the companies' divisible surplus apportioned to the holders of life insurance policies and annuity contracts as dividends and applied to provide paid-up additions to such policies and contracts. Accordingly, he ordered an additional tax payment. In an effort to resolve their divergent views, Prudential, for itself and on behalf of 132 other life insurance companies similarly situated, commenced a class suit for declaratory relief to ascertain the meaning of the premium tax statute. The commissioner persuaded the lower court that Prudential had selected the wrong remedy; that only a petition to "review" the commissioner's order in accordance with NRS 680.230 of the insurance code is permissible.

We think that the role of NRS 680.230 is to provide for the judicial review of *discretionary* orders and decisions of the commissioner, on matters legislatively committed to him for resolution.[1] In such cases, a petition to review the commissioner's findings may be filed by the aggrieved party with the district court of Ormsby County. The reviewing court will look to the information presented to the commissioner and decide whether he abused his discretion in entering the order or decision in question. National Life and Casualty Ins. Co. v. Hammel, 81 Nev. 125, 399 P.2d 446 (1965); see also Urban Renewal Agency v. Iacometti, 79 Nev. 113, 379 P.2d 466 (1963); McKenzie v. Shelly, 77 Nev. 237, 362 P.2d 268 (1961); Nevada Tax Commission v. Hicks, 73 Nev. 115, 310 P.2d 852 (1957). Whether an administrative officer has properly exercised his discretion or abused it normally calls for an evaluation of the factual material presented to that officer and upon which he acted.

The present dispute between the mutual life insurance companies and the commissioner is not within the "review" statute, as it involves a question of law and is not concerned with administrative discretion. The meaning of the premium tax statute is not a question

---

[1]The statute reads: "1. Any order or decision made, issued or executed by the commissioner, except an order to make good an impairment of capital or surplus of a deficiency in the amount of admitted assets, whereby any company or person is aggrieved, shall be subject to review by the district court of Ormsby County.

"2. Any company or person aggrieved by an order or decision of the commissioner may, within 60 days after the order or decision has been mailed to or otherwise served upon the company or person entitled to receive the same, appeal from such order, or decision by filing a petition for a review of the findings of the commissioner in the district court of Ormsby County. If an appeal is not so taken it shall conclusively be deemed to have been waived.

"3. The commencement of proceedings under this section shall not operate as a stay of the commissioner's order, findings, ruling or decision, unless so ordered by the court."

that the legislature has committed to the insurance commissioner for decision. Of course, the commissioner may have his own notion about the meaning of that statute and announce it by administrative order, as he did here. However, his opinion on the subject is quite different from a discretionary power to decide the issue. The premium tax and its scope have been legislatively expressed. If the law is unclear or obscure, a court, when asked, must seek out and proclaim its meaning. Declaratory relief is tailored for that purpose. NRS 30.040 authorizes a declaratory action to "have determinded any question of construction * * * arising under the statute * * *." Without question, Prudential chose the proper remedy. Iroquois Post No. 229 v. City of Louisville, 279 S.W.2d 13 (Ky., 1955); Kelly v. Bastedo, 70 Ariz. 371, 220 P.2d 1069 (1950); Baumgardt v. Isaacs, 29 Ill.2d. 29, 193 N.E.2d 31 (1963). Resort to the declaratory procedure is the appropriate way to resolve an issue that has not been committed for decision to the administrative body or officer.

As this case must be remanded, we must decide one further question. The lower court was persuaded that the doctrine of sovereign immunity also precluded declaratory relief. That doctrine concerns immunity from suit to establish state liability or control state action. Neither is involved here. The purpose of this suit is simply to ascertain the meaning of a state statute. This kind of litigation has never been subject to the immunity doctrine. Abelson's Inc. v. New Jersey State Bd. of Optom., 5 N.J. 412, 75 A.2d 867 (1950).[2]

Reversed and remanded.

BADT, J., and ZENOFF, D. J., concur.

---

[2]We note that in 1965 the state waived its immunity from liability and action. Stats. Nev. 1965, ch. 505, p. 1413. The present dispute arose before the 1965 act.