Argued September 10, remanded with directions
November 5, 1969

NELSON, *Appellant, v. KNIGHT, Respondent.*

460 P. 2d 355

*Robert M. Gordon,* Corvallis, argued the cause and filed a brief for appellant.

*Peter S. Herman,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

DENECKE, J.

The plaintiff was indicted in Benton County for illegal possession of a dangerous drug, Amphetamine. He brought this declaratory judgment proceeding in Benton County seeking a declaration that improper procedures had been followed in designating Amphetamine a dangerous drug and asking that the defendant District Attorney be enjoined from prosecuting him. The court held that the procedures used in determining what drugs were dangerous were proper and denied plaintiff's prayer for relief. Plaintiff appeals.

The defendant does not contest the plaintiff's right to declaratory relief; however, we find it necessary in the interest of efficient judicial administration to hold that the trial court was not empowered to entertain plaintiff's complaint.

■ The basic issues to be considered in determining whether a complaint for declaratory relief should be entertained when another action is pending were identified in *Recall Bennett Com. v. Bennett,* 196 Or 299, 323, 249 P2d 479 (1952):

"* * * In this connection we quote from Borchard [Borchard, Declaratory Judgments (2d ed), p 302] as follows:

" 'Reference will hereafter be made to the fact that the court will refuse a declaration where an-

other court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither useful nor proper to issue the declaration. * * *."

We applied these principles in *Employers Mut. Liability v. Bluhm,* 227 Or 415, 362 P2d 755 (1961). There, Bluhm brought a personal injury action against his employer. The employer's insurance carrier brought declaratory judgment proceedings against Bluhm seeking a declaration that a release executed by Bluhm was valid and a bar to any recovery for his injuries. We held: "The declaratory decree must be reversed for the reason that it was an abuse of judicial discretion to entertain the suit when the pleadings disclosed that all of the issues contained therein could be litigated in the pending actions in Multnomah County." 227 Or at 417-418.

■ If another pending legal proceeding can decide the issues as effectively as a declaratory judgment proceeding, a declaratory judgment suit is not authorized. This is so whether the pending proceeding be criminal or civil. Among the cases from other jurisdictions adopting this position are: *Taylor v. Cooper,* 60 S2d 534 (Fla 1952); *Staub v. Mayor, etc. of Baxley,* 211 Ga 1, 83 SE2d 606 (1954);① *Updegraff v. Attorney General,* 298 Mich 48, 298 NW 400, 135 ALR 931 (1941).②

---

① Annotation, "Validity, Construction and Application of Criminal Statutes or Ordinances as Proper Subject for Declaratory Judgment," 10 ALR3d 727, 777-786 (1966).

② In McKee v. Foster, 219 Or 322, 347 P2d 585 (1959), we

*Ostrander v. Linn,* 237 Iowa 694, 22 NW2d 223 (1946), may at first blush appear contrary to the above-cited decisions; however, it is actually illustrative of the basic principle that declaratory proceedings cannot be maintained if another pending proceeding can *effectively* decide the issues. In that case the plaintiff was charged with violating a statute requiring the posting of the differential in the prices paid by plaintiff for various grades of cream. The criminal charge was pending before a justice of the peace. Plaintiff's defense was that the act did not apply to him because he sold only in interstate commerce. The court held that plaintiff could bring declaratory judgment proceedings to obtain a decision upon the merit of this defense for the following reason:

> "* * * If the issue before the justice of the peace were the simple fact question whether the price differentials had been posted by plaintiff herein the court could have found that that issue could have been determined 'with equal facility' in the criminal proceedings under the host of cases denying declaratory-judgment relief because of the pendency of criminal proceedings. But the question was much more complicated than that and was such that it could not be determined 'with equal facility' before the justice of the peace." 237 Iowa 703.

■ In the present case there is no evidence, and we can think of no reason, why the issues which plaintiff seeks to have determined cannot be decided effectively in the pending criminal action. As plaintiff points out,

---

entertained a declaratory judgment proceeding and construed as not covering free play pinball machines a statute making the operation of certain gambling devices illegal. The appropriateness of a declaratory judgment was not mentioned. No criminal proceeding was pending.

the issue cannot be determined upon demurrer because the indictment does not state sufficient allegations to raise the issue. At the criminal trial, however, plaintiff can introduce evidence of facts which will enable him to secure a ruling.

The vice of the unrestricted use of declaratory judgment proceedings resulting in the piecemeal trial of the various issues is illustrated by this litigation. The plaintiff was indicted in July 1968. Under normal circumstances his criminal trial would have taken place in September or October 1968 and the issue here raised, as well as any other issues, including his guilt or innocence, would have been decided. If he were found guilty and appealed, we would be considering all issues raised at approximately this same time.

Because of the attempt to use declaratory judgment proceedings, if we were now to affirm the trial court on the merits and hold that Amphetamine was duly declared a dangerous drug, the criminal proceedings would have to resume. A decision of guilt or innocence would then be made.

Remanded with directions to vacate the decree and dismiss the complaint.