JOHN R. RAE, APPELLANT, v. ALL AMERICAN LIFE AND CASUALTY CO., RESPONDENT.

No. 10313

December 20, 1979                               605 P.2d 196

*Albright & McGimsey,* Las Vegas, for Appellant.

*Lionel Sawyer & Collins,* and *Dan Bowen,* Las Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

On April 12, 1976, respondent All American Life and Casualty Company filed a complaint for fraud praying for $92,000 in damages and $10,000 in punitive damages. The complaint named appellant Rae, David Lee Edwards, Investors Associates, Inc. and Rae and Edwards doing business as Investors Associates. Appellant Rae was served on April 16, 1976, and timely answered for himself and as Investors Associates. No other defendant was served with process.

On May 6, 1976 respondent moved to strike the answer and to enter a default on the grounds that the in *pro per* answer had not been properly acknowledged. NRCP 11. This motion was not contested and, on May 18, the lower court ordered that the answer be stricken and that judgment be entered against appellants for $92,000 plus costs. This order was filed on May 25. Notice of Entry of Judgment was filed a year later on May 3,

1977. On July 22, 1977, appellant moved to set aside the default and default judgment entered on May 25, 1976. Appellant argued then, as he does on appeal, that the judgment was not a final determination as to all parties and, under NRCP 54(b), the court had discretion to modify that judgment.

On August 29, 1977 the court entered an order denying appellant's motion to set aside the default judgment. The court based its conclusion on the fact that the motion to set aside followed by fourteen months the entry of the default judgment and, thus, the court was without jurisdiction to entertain the motion. Appellant's sole contention is that the default judgment entered on May 25, 1976 was not a final judgment as to all parties and, as such, was subject to revision under NRCP 54(b).

It is true that, under rule 54(b), when multiple parties are involved in an action, a judgment is not final unless the rights and liabilities of all parties are adjudicated. The court may, however, direct the entry of a final judgment as to fewer than all parties and make an express determination that there is no reason for delay and direct the entry of judgment. In the absence of such determination, a decision affecting fewer than all parties is ''subject to revision at any time before the entry of judgment'' as to all parties. NRCP 54(b). Appellant claims that because no judgment was rendered affecting David Lee Edwards, a named defendant, the lower court could reverse or revise its judgment affecting appellant upon a good cause showing.

The subsidiary question here is whether a named defendant is a ''party'' for the purposes of rule 54(b). It is widely accepted that an individual named as a co-defendant is not a party unless he has been served. United States v. Studivant, 529 F.2d 673, 674 n.2 (3rd Cir. 1976); Ferguson v. Bartels Brewing Co., 284 F.2d 855, 857 (2nd Cir. 1960). See Tidewater Insurance Associates v. Dryden Oil Co., 401 A.2d 178, 180 (Md.Ct.Spec.App. 1979); Pacific States Security Co. v. District Court, 48 Nev. 53, 60, 226 P. 1106, 1108 (1924). Cf. Haley v. Simmons, 529 F.2d 78 (8th Cir. 1976) (district court presumed to have retained jurisdiction over improperly served defendants). The fact that David Lee Edwards was not served does not affect the finality of the judgment as to appellant. Although but a single claim is alleged against multiple named defendants, rule 54(b) does not preclude the grant of a final judgment against the only defendant who was served and who made an appearance. The

unserved defendant was not a party and a 54(b) certification was unnecessary. Were we to hold otherwise, the end to litigation would be uncertain in many cases.[1]

Because the default judgment was final, and appellant had actual notice of it shortly after its entry, he should have filed a motion to set it aside within the prescribed time limit—namely, within six months of its entry. NRCP 60(c). The motion to set aside here was not filed until June 22, 1977—more than one year later. The lower court properly refused to set aside the default judgment.

Even if we found error in the district court's refusal to entertain the motion for jurisdictional reasons, it is well established that the court will affirm the holding of the lower court if it is supported by any of the other theories presented. *See* Kraemer v. Kraemer, 79 Nev. 287, 382 P.2d 394 (1963); Foster v. Lewis, 78 Nev. 330, 372 P.2d 679 (1962); Lemel v. Smith, 64 Nev. 545, 187 P.2d 169 (1947).

Because there is a default judgment rather than merely an entry of default, the judgment can only be set aside in accordance with the terms of NRCP 60(b). Even if the time constraints of rule 60(b) do not apply, a movant still must demonstrate inadvertence, excusable neglect or other sufficient reasons enumerated in rule 60(b) in order to justify the setting aside of a default judgment. The evidence adduced at the hearing shows that appellant was duly served with process; that his *pro se* answer prepared by California counsel was stricken following proper notice and opportunity to be heard; and, that respondent's motion for entry of default was likewise properly noticed. In addition, appellant had actual notice of the entry of judgment by at least May 17, 1976. The record does not show excusable neglect or any other circumstance which would warrant relief from the judgment. Moreover, there is no showing of the existence of a meritorious defense. The trial court did not abuse its discretion in refusing to set aside the judgment.

We affirm.

---

[1]Respondent argues that a virtual "Pandora's box" would be opened were we to hold that one designated as a defendant in a complaint is a party within the meaning of rule 54(b) irrespective of whether he had been served. We agree. If we subscribed to appellant's argument, a named but unserved party may be obligated to answer interrogatories or sit for a deposition, NRCP 33; to produce documents, NRCP 34; to undergo examinations, NRCP 35; to respond to requests for admissions, NRCP 36; and to comply with orders, NRCP 37.

Mowbray, C. J., and Thompson and Batjer, JJ., and Zenoff, S. J.,[2] concur.