Argued and submitted March 17, remanded
with instructions to dismiss the complaint July 21, 1980

In the Matter of the Application of David J. Sterling,
for a Writ of Habeas Corpus,

STERLING,
*Appellant,*
*v.*
BLALOCK, et al,
*Respondents.*

(No. 106813, CA 15799)

614 P2d 610

Paul J. DeMuniz, Salem, argued the cause for appellant. With him on the brief was Garrett, Seideman, Hemann, Robertson & DeMuniz, P.C., Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Joseph, Warden and Warren, Judges.

JOSEPH, J.

## JOSEPH, J.

Plaintiff filed a petition for a writ of habeas corpus challenging the Board of Parole's April 20, 1978, decision refusing to set a parole date for him. Following a demurrer by defendants, plaintiff filed an amended petition for a writ of habeas corpus. Counsel for plaintiff and defendant stipulated that plaintiff's amended petition be treated as a suit for declaratory and mandatory injunctive relief and that two issues were presented for the court's consideration: 1) whether the Board of Parole correctly refused to set a parole release date on the ground that plaintiff's crimes included dangerous criminal conduct within the meaning of ORS 144.120(4)[1] and OAR 254-30-032(2)(a)[2]; and 2) whether the Board of Parole acted arbitrarily and capriciously in refusing to grant plaintiff a parole date setting. After a hearing the trial court entered an order denying relief, and plaintiff appealed.

At the oral argument we raised the question of the circuit court's jurisdiction to hear this matter and this court's jurisdiction to review it in

---

[1] ORS 144.120(4):

"(4) Notwithstanding subsection (1) of this section, in the case of a prisoner whose offense included particularly violent or otherwise dangerous criminal conduct or whose offense was preceded by two or more convictions for a Class A or Class B felony or whose record includes a psychiatric or psychological diagnosis of severe emotional disturbance, the board may choose not to set a parole date."

[2] OAR 254-30-032(2)(a):

"Particularly violent or otherwise dangerous criminal conduct is conduct which is not merely unpleasant or offensive, but exceed aggravation listed in rule 254-30-033(1)(b). This is conduct of a type which manifests indifference to the value of human safety or property (e.g., actions which terrorize or inflict serious mental distress on a victim, as the rapist who telephones the victim and threatens to repeat the crime; unusual or protracted cruelty; multiple victims in a single or separate incident; extremely high harm-loss, as the burglar who takes a stereo and proceeds to destroy a large number of items left in the house with an axe); infliction of serious physical injury, if not an element of the crime."

the light of the Supreme Court's ruling, subsequent to the trial herein, that some orders of the Board of Parole relating to the granting of parole are "final orders" reviewable in this court by reason of ORS 144.335. *Harris v. Board of Parole,* 288 Or 495, 605 P2d 1181 (1980).[3]

In response, defendants took the position that, at least up to the date of the Supreme Court's decision in *Harris,* a trial court could entertain this case as a matter of discretion. Plaintiff argued that because *Penrod v. Cupp,* 30 Or App 371, 567 P2d 563, *affirmed* 283 Or 21, 581 P2d 934 (1978), severely restricted the availability of habeas corpus, suggesting instead that other civil remedies were more appropriate, a declaratory judgment proceeding is one of those remedies. Further, he would read ORS 144.335(1) as being merely permissive and not to compel a prisoner to seek judicial review even if it were available. Finally, he argued, if the refusal of the Board of Parole to set a release date is not a "final order," declaratory judgment or habeas corpus are the only possible ways to raise the relevant issues; but even if such a refusal is a "final order," a declaratory judgment may be required or permissible in order to raise issues not raised in a parole hearing because a prisoner does not have the aid of counsel at the hearing. *See* OAR 255-40-030.

Although the responses just outlined were appropriate to the issue as it was precisely raised on oral argument, our further examination of the problem leads us to conclude that, independent of the holdings in *Harris* in the Supreme Court and on remand in this court, it was an abuse of discretion for the trial court to entertain this proceeding.

---

[3] Since the oral argument in this case, on remand of the *Harris* case, we decided that a decision by the Board of Parole fixing a release date is a "final order" subject to judicial review in this court. 47 Or App 289, 614 P2d 602 (1980). In that case we specifically reserved a ruling on whether a refusal to set a release date pursuant to ORS 144.120(4) is a final order under ORS 144.335. 47 Or App at 297, n 10.

In *Nelson v. Knight,* 254 Or 370, 460 P2d 355 (1969), the plaintiff had been indicted for possession of a dangerous drug. He brought a declaratory judgment to have declared that improper procedures had been followed in designating amphetamine a dangerous drug and asking that the district attorney be enjoined from prosecuting him. On its own motion the Supreme Court held that the trial court was not empowered to entertain plaintiff's complaint. The court said:

"*** The basic issues to be considered in determining whether a complaint for declaratory relief should be entertained when another action is pending were identified in *Recall Bennett Com. v. Bennett,* 196 Or 299, 323, 249 P2d 479 (1952):

" '*** In this connection we quote from Borchard [Declaratory Judgments (2d ed), p 302] as follows:

" ' "Reference will hereafter be made to the fact that the court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither useful nor proper to issue the declaration. *** " '

"*** If another pending legal proceeding can decide the issues as effectively as a declaratory judgment proceeding, a declaratory judgment suit is not authorized. This is so whether the pending proceeding be criminal or civil. *** " 254 Or 371-372.

*See also Brooks v. Dierker,* 275 Or 619, 624, 552 P2d 533 (1976); *Fields v. Workmen's Comp. Board,* 26 Or App 323, 325, 552 P2d 834, *rev'd* 276 Or 805, 556 P2d 651 (1976); *Cornelius v. City of Ashland,* 12 Or App 181, 506 P2d 182, *rev den* (1973).

Plaintiff's objective in this declaratory judgment proceeding was to challenge the Board of Parole's *1978* action after the adoption of Oregon Laws 1977, chapter 372, under which the matrix system was designed and put into effect. At the time the Board of Parole refused to set plaintiff's release date, no case

had then been decided determining whether the application of the matrix system produced a "final order" within the meaning of ORS 144.335. While it is true that *Sterling v. Bd. of Parole,* 16 Or App 481, 519 P2d 1047, *rev den* (1974), had denied the availability of judicial review respecting granting of parole under 1973 legislation, that decision did not necessarily determine the outcome of a case involving judicial review after the 1977 legislation. The issues sought to be litigated in the declaratory judgment context were within the scope of judicial review under ORS 144.335, if a "final order" was involved. Thus, this court on the face of the statute not only had jurisdiction of the issues, but ORS 144.335 contained provisions for a special statutory remedy. That plaintiff chose not to proceed under that statute for judicial review cannot avoid the ruling and the policy in *Nelson.* It is also true that the Board of Parole's action was an administrative proceeding, but we can see no reason why the reasoning in *Nelson* should not apply to an administrative proceeding.

Remanded with instructions to dismiss the complaint.