ANNE PHELPS, ARMEN PHELPS and ANNETTE GRIFFITH, Individually, and ANNE PHELPS, as Personal Representative of the ESTATE OF ARTHUR E. PHELPS, Petitioners, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, DEPARTMENT TWO, AND THE HONORABLE CHARLES M. McGEE, DISTRICT JUDGE, Respondents, and DONALD A. SPRING, M.D., Real Party in Interest.

No. 21561

December 27, 1990 803 P.2d 1101

*Dale L. Sare & Associates* and *William B. Cherry,* South Lake Tahoe, California, for Petitioners.

*Brian McKay,* Attorney General, and *James C. Smith,* Deputy, Carson City; *Hibbs, Roberts, Lemons & Grundy,* Reno, for Respondents.

*Osborne, Jenkins & Gamboa,* Reno, for Real Party in Interest.

## OPINION

*Per Curiam:*

This original petition for a writ of prohibition challenges an order of the district court declaring that the affidavit of petitioners' medical expert cannot be presented to the joint medical legal screening panel, and enjoining members of the joint medical legal screening panel and other state officials from considering the affidavit of petitioners' medical expert. Because we conclude that

the district court was without jurisdiction to enjoin the action of the medical legal screening panel, we grant this petition.

On December 22, 1989, petitioners filed with the joint medical legal screening panel ("screening panel") a complaint for wrongful death of Arthur E. Phelps. Real party in interest Donald A. Spring, M.D., was a named defendant in that complaint. The complaint alleged that the medical malpractice of Spring and others caused Phelps' death. Attached to the complaint was a letter informing all defendants and the screening panel that petitioners intended to rely on the expert testimony of Dr. Dennis R. Breen, a cardiologist from Sacramento, California. The letter informed the defendants of Breen's telephone number. In their answer to the complaint, defendants specifically referred to Breen as the "Sacramento Cardiologist." Petitioners attached to their response to defendants' answer the affidavit of Breen, in which Breen opines that Phelps' death resulted from the defendants' negligence.

On May 2, 1990, the defendants filed with the Insurance Commissioner, under whose authority the screening panel operates, a motion to strike the affidavit of Breen. This motion was premised on the incorrect assumption that NRS 41A.039(4) and NAC 41A.050 preclude a claimant in a medical malpractice action from submitting the affidavit of a medical expert in his response to the defendant's answer.[1] The Insurance Commissioner denied the motion to strike, finding that he lacked jurisdiction to strike documents submitted to the screening panel, and that it was the sole right of the screening panel to consider or disregard the pleadings submitted to it.

Spring then petitioned the district court for judicial review of the decision of the Insurance Commissioner. Having later concluded that the remedy of judicial review was not available to him, Spring filed in the district court a complaint for declaratory and injunctive relief on September 26, 1990. The complaint named only Spring as a plaintiff, and the Insurance Commissioner and the screening panel as the only defendants. Petitioners

---

[1]Nothing in either NRS 41A.039(4) or NAC 41A.050 precludes a claimant from filing the affidavit of an expert witness in a response to an answer. Instead, NRS 41A.039(4) simply requires that a response must address only the allegations of the answer, and NAC 41A.050 allows for the filing of such affidavits with the original complaint. Indeed, one would expect that a claimant in a medical malpractice action would file affidavits in opposition to the medical assertions made in an answer. NAC 41A.050(3) requires only that a party must, in his complaint or answer, "list the name of any expert witness upon whose opinion he relies and offer the services of that expert witness to the screening panel." The letter petitioners attached to and filed with their complaint clearly satisfies this requirement.

and the remaining defendants were not named as parties to the declaratory relief action. Thus, the matter proceeded in the absence of most of the interested parties.

At a hearing on the complaint for declaratory relief, Spring argued that the affidavit of Breen constituted new matter which could not be presented to the screening panel. The Insurance Commissioner and the screening panel indicated to the court that the state was neutral on the question of whether the affidavit of Breen should be considered by the screening panel. Counsel for petitioners was allowed to argue the legal position of petitioners, although petitioners were not parties to the proceeding.

On October 19, 1990, the district court entered a declaratory judgment in favor of Spring, and permanently enjoined the Insurance Commissioner and the screening panel from considering the affidavit of Breen. In that judgment, the district court concluded that it had jurisdiction to entertain the action for declaratory and injunctive relief. In this conclusion, the district court erred.

NRS 30.030 provides in part that courts of record "shall have power to declare the rights, status and other legal relations" of persons who file appropriate complaints. In this case, there was no dispute between the named defendants, the Insurance Commissioner and the screening panel, and the plaintiff. The dispute involved the plaintiff and the petitioners in this action. The district court was certainly without authority to declare the alleged rights of the petitioners who were not parties to the action before it.

More importantly, however, this alleged declaratory judgment action on behalf of Spring did not involve the declaration of any right, status or legal relation. The action of the screening panel does not involve the substantial right of any party to a medical malpractice action. If the plaintiff is unsuccessful in such an action, he may nonetheless pursue his suit to trial. If the defendant is unsuccessful, he may demand that his liability be determined at a trial. The determination of the screening panel simply affects the burdens of the parties with respect to the payment of attorney's fees if the matter proceeds to trial, and the unsuccessful party before the screening panel is also unsuccessful before the finder of fact. *See* NRS Chapter 41A.

NRS 41A.039(4) (emphasis added) provides in relevant part that "*[t]he panel shall disregard* any portion of the response that does not address an allegation raised in the answer . . . ." The statute clearly contemplates that the panel, upon determining that any portion of the response is not responsive to the answer, shall disregard that portion of the response. The district court's judgment, rather than declaring the rights, status or legal relations of

the parties properly before it, instead simply usurps the authority of the screening panel to conduct its own affairs and administer its own docket.

Spring argues, however, that he will be irreparably harmed if the panel views the affidavit, because, in his opinion, the panel's decision will be tainted even if the panel elects to disregard the affidavit. This argument lacks merit. The screening panel, like any tribunal, is perfectly capable of reviewing the evidence before it and relying on only the appropriate evidence. Indeed, the statute specifically enjoins this duty on the screening panel. More importantly, acceptance of Spring's argument would lead to the collateral review by the courts of virtually all of the pleadings filed with the screening panel. NRS Chapter 41A does not contemplate collateral review of the pleadings filed before the screening panel, and collateral review in any form would completely frustrate the legislative purposes behind the statutes. We therefore conclude that the district courts lack jurisdiction to collaterally review the admissibility or sufficiency of the documents filed before the screening panel.

Spring contends that this leaves him without a remedy if the screening panel acts improperly. We disagree. If a matter is mishandled by the screening panel, and proceeds to trial, the district court would be free to fashion an appropriate equitable remedy following trial. We note, however, that the party who lost before the screening panel would have to lose at trial before this situation could arise. Thus, it would be unlikely that the proceedings before the screening panel could be considered to have prejudiced the losing party, because the screening panel reached the correct result.

Spring argues that this was an appropriate action for declaratory relief because it involved a question of law not involving administrative discretion. *See* Prudential Ins. Co. v. Ins. Comm'r, 82 Nev. 1, 409 P.2d 248 (1966). We disagree. The question of whether the affidavit was responsive to allegations in the answer clearly involves a question of administrative discretion.

Finally, Spring contends that a writ of prohibition is an inappropriate remedy in this case because an appeal may be taken from a declaratory judgment. Petitioners cannot appeal from the declaratory judgment, however, because they were not parties to the action below. *See* NRAP 3A(a) ("[a]ny *party* aggrieved may

appeal . . .") (emphasis added); Albany v. Arcata Associates, Inc., 106 Nev. 688, 799 P.2d 566 (1990) (attorney who was aggrieved by district court judgment could not appeal because he was not a party); Rae v. All American Life & Cas. Co., 95 Nev. 920, 605 P.2d 196 (1979) (a "party" is a named defendant who has been served with process). Thus, petitioners have no remedy in the ordinary course of the law.

A writ of prohibition arrests proceedings that are without or in excess of the jurisdiction of the lower tribunal. In this case, the district court was without jurisdiction to entertain Spring's complaint for declaratory and injunctive relief. Therefore, the judgment of the district court is void. Accordingly, we grant this petition, and we direct the clerk of this court forthwith to issue a writ of prohibition to the district court prohibiting that court from taking any action to enforce its void judgment.