818 P.2d 396 (1991)
PUBLIC SERVICE COMMISSION OF NEVADA, a State Regulatory Agency, Petitioner,
v.
The EIGHTH JUDICIAL DISTRICT COURT OF the STATE OF NEVADA, in and for the County of Clark; and the Honorable Addeliar D. Guy, District Judge, Respondents, and
Nevada Power Company, a Nevada Corporation; Nevada Electric Investment Company, a Nevada Corporation; Intermountain Power Agency, a Political Subdivision of the State of Utah; the Advocate for Customers of Public Utilities; an Office of the Attorney General of the State of Nevada, Real Parties in Interest.
No. 22581.
Supreme Court of Nevada.
October 15, 1991.
*397 Leslie T. Miller, Gen. Counsel, Public Service Com'n, Carson City, for petitioner.
Rex Bell, Dist. Atty., Clark County, for respondents.
Beckley, Singleton, DeLanoy, Jemison & List and H. Roger McPike, Las Vegas, LeBoeuf, Lamb, Leiby & MacRae and Ronald L. Rencher, Salt Lake City, Utah, Fred Schmidt, Carson City, Richard L. Hinckley, Las Vegas, for real parties in interest.

OPINION
PER CURIAM:
This original petition for a writ of certiorari or mandamus challenges on jurisdictional grounds the authority of the district court to proceed with an action pending before it.
On May 16, 1991, Nevada Power Company (NPC) filed with the Public Service Commission of Nevada (the Commission) an application for a general rate increase of approximately $37.2 million. NPC applied for an additional recovery of $18.6 million for fuel costs.[1] During hearings on the application, the Commission received testimony from the Attorney General's Office of the Consumer Advocate (Consumer Advocate) and the Colorado River Commission that NPC should not be allowed to recover the full $18.6 million in fuel costs. These parties alleged that NPC had engaged in improper self-dealing at the expense of the ratepayers.
Specifically, the Consumer Advocate charged that NPC has sold property (coal) and valuable property rights that were paid for at an inflated price by the ratepayers to its unregulated, wholly-owned subsidiary, Nevada Electric Investment Company (Nevada Electric). Nevada Electric then transferred an undivided fifty percent interest in its coal operations to Intermountain Power Agency (IPA), a political subdivision of the State of Utah. The result of these transfers, according to the Consumer Advocate, *398 has been that income that should belong to the ratepayers has been diverted to the shareholders of NPC.
On July 23, 1991, the Consumer Advocate and the Colorado River Commission asked the Commission to require NPC to disclose the contracts between NPC, Nevada Electric and IPA (collectively "the utilities"). The Consumer Advocate argued that the Commission could not adequately review NPC's application for a rate increase without full disclosure of the contracts which, according to the Consumer Advocate, contain NPC's strategy for avoiding regulation by the Commission.
The utilities voluntarily provided the Commission with copies of the contracts at issue. However, the utilities redacted from the copies of the contracts twenty-three "price and date terms." The utilities argued that these price and date terms were subject to a confidentiality agreement, and should be protected against public disclosure because they contained trade secrets with respect to property prices and the bottom-line cost of producing coal.
On August 1, 1991, following oral argument from all parties, Commissioner Michael A. Pitlock ordered NPC to disclose four of the twenty-three price terms. NPC sought review of Commissioner Pitlock's order from the full Commission. On August 19, 1991, after having received additional argument from all parties, the full Commission determined that these "bottom-line price terms" were not trade secrets, and that, even if they were trade secrets, they should be disclosed because it would be unfair to the ratepayers to keep them confidential.
On August 23, 1991, NPC, Nevada Electric and IPA filed in the district court a complaint for declaratory and injunctive relief, together with motions for a preliminary injunction, a protective order and a temporary restraining order. The utilities sought a declaration that the price items at issue are protected trade secrets.
On September 4, 1991, the Commission moved the district court to dismiss the complaint for lack of subject matter jurisdiction. In the motion, the Commission argued that the district court lacked jurisdiction to consider an action for declaratory relief, but conceded that the district court had extraordinary jurisdiction to determine whether the Commission had exceeded its jurisdiction or had acted arbitrarily or capriciously. Thus, the Commission asked the district court to dismiss the complaint, or to treat it as a petition for a writ of mandamus.
In response, the utilities argued that the district court had jurisdiction. Nevertheless, the utilities requested that their action be treated as a petition for a writ of mandamus if the district court determined that it lacked jurisdiction to consider their action for declaratory relief.
On September 13, 1991, without addressing the question of jurisdiction or indicating the authority it purported to exercise, the district court ordered the utilities to provide the Commission with the four price terms at issue. The district court further ordered the Commission and the Consumer Advocate not to publicly disclose the four price terms until further order of the district court.[2] Finally, the district court ordered the parties to submit for approval an expedited briefing schedule with respect to all pending matters.
On October 8, 1991, the Commission filed the instant petition, seeking an order from this court compelling the district court to set aside its order of September 13, 1991, and to dismiss the action filed by the utilities.
The Commission contends that the district court lacks subject matter jurisdiction to entertain an action for a declaratory judgment challenging proceedings before the Commission. We agree. NRS 703.373 (emphasis added) provides in relevant part: "1. Any party of record to a proceeding before the commission is entitled to judicial *399 review of the final decision. 2... . A petition must be filed within 90 days after the service of the final decision of the commission. ..." No statutory right of review of interlocutory decisions of the Commission exists. See Public Serv. Comm'n v. Community Cable, 91 Nev. 32, 530 P.2d 1392 (1975) (prior statute that allowed judicial review of "an order of the commission" construed to allow judicial review of final orders of the Commission only).
We have recognized that interlocutory review of agency determinations in any form could completely frustrate the legislative purpose of relegating certain matters to an agency for speedy resolution by experts. See Phelps v. District Court, 106 Nev. 917, 803 P.2d 1101 (1990) (collateral review by district court of matters entrusted to medical screening panel would result in delay, frustrating the purposes of the legislature in creating the panel). Rate cases, such as this, affect an enormous number of persons, and unnecessary delay might cost the ratepayers millions of dollars. The legislature has not authorized review of interlocutory decisions of the Commission in the guise of a complaint for declaratory relief. Cf. Harrah's Club v. State Gaming Control Bd., 104 Nev. 762, 766 P.2d 900 (1988) (the constitution does not authorize court intrusion into the administration, control, supervision and discipline of gaming, a matter within the jurisdiction of the State Gaming Control Board).
The utilities maintain, however, that the declaratory judgment statutes authorize any person to seek a declaration of their rights. Characterizing their action below as one seeking a declaration of their substantial and constitutional right to maintain the confidentiality of trade secrets, the utilities argue that the district court's jurisdiction is properly based on the declaratory judgment statutes. We disagree.
NRS 30.030 provides in part that courts of record "shall have power to declare rights, status and other legal relations" of persons who file appropriate complaints. NRS 49.325(1) (emphasis added) provides in relevant part: "A person has a privilege ... to refuse to disclose ... a trade secret owned by him, if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice." Thus, a person does not have a right to refuse to disclose a trade secret. Instead, a person has only a conditional privilege not to disclose a trade secret if the non-disclosure would not work an injustice.
The Commission determined below that even if the price items at issue are trade secrets, the utilities are not entitled to assert the privilege because to do so would work an injustice to the ratepayers. The utilities are not merely seeking to establish the existence of a property right in trade secrets. Instead, the utilities seek an order of the district court overturning the determination of the Commission that they cannot assert the privilege of concealing their trade secrets under the peculiar circumstances of the action pending before the Commission. Thus, it is apparent that the utilities seek a review of the Commission's decision with respect to a privilege, not a declaration of the utilities' rights.
"It is well-settled that courts will not entertain a declaratory judgment action if there is pending, at the time of the commencement of the action for declaratory relief, another action or proceeding to which the same persons are parties and in which the same issues may be adjudicated." Haas & Haynie Corp. v. Pacific Millwork Supply, 2 Haw. App. 132, 134, 627 P.2d 291, 293 (1981). Further, a court will refuse to consider a complaint for declaratory relief if a special statutory remedy has been provided. See Nelson v. Knight, 254 Or. 370, 460 P.2d 355 (1969). A separate action for declaratory judgment is not an appropriate method of testing defenses in a pending action, see Ratley v. Sheriff's Civil Service BD., Etc., 7 Kan. App.2d 638, 646 P.2d 1133 (1982), nor is it a substitute for statutory avenues of judicial and appellate review. We conclude, therefore, that the district court lacks jurisdiction to entertain the utilities' complaint for declaratory and injunctive relief.
Nevertheless, we reject the Commission's argument that the Commission is the *400 final arbiter of the question of whether a trade secret must be disclosed in an administrative proceeding before the Commission. Although the commission must initially determine, in the course of a proceeding before it, whether a privilege exists and whether it may be asserted, NRS 233B.123(1), the decisions of the Commission are subject to judicial review following a final determination of an action. NRS 703.373. Thus, it is apparent that the legislature did not intend that the Commission have the final word on questions of law.
With respect to the usual evidentiary questions resolved by the Commission, judicial review following a final order of the Commission provides an adequate avenue of relief. Interlocutory review of such decisions would be disruptive of the administrative process, and counter-productive. Review of the decision that privileged information must be disclosed, on the other hand, must occur before the information is disclosed to be effective. Because no effective relief is available in the ordinary course of the law, the only possible remedy is through a petition for extraordinary relief. Cf. Clark v. District Court, 101 Nev. 58, 692 P.2d 512 (1985) (extraordinary writ issued to prevent the district court from requiring the disclosure of information protected by the attorney-client privilege).
Based on the foregoing, and in light of the requests of all parties below that the utilities' complaint be treated as a petition for extraordinary relief, we conclude that the district court has jurisdiction to consider the utilities' request for extraordinary relief.[3] The district court's consideration of this matter will necessarily be limited to the determination of whether the Commission exceeded its jurisdiction in ordering disclosure of the documents at issue or, assuming no excess of jurisdiction, whether the Commission manifestly abused its discretion. See NRS 34.020(2) (a writ of certiorari may issue when a lower tribunal, exercising judicial functions, has exceeded its jurisdiction); NRS 34.320 (a writ of prohibition may issue to arrest the proceedings of a lower tribunal exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the lower tribunal); Watson v. Housing Authority, 97 Nev. 240, 627 P.2d 405 (1981) (jurisdiction, in the context of a request for extraordinary relief, has a broader meaning than the concepts of personal and subject matter jurisdiction; it includes constitutional limitations); Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981) (a writ of mandamus is available to control an arbitrary or capricious exercise of discretion).
We trust, in light of the important time limitations in actions of this nature, that the district court will resolve the matters pending below as expeditiously as possible. For the reasons expressed above, we deny this petition.[4]
NOTES
[1] The petition and supporting documents do not disclose the exact date the application for a rate increase was filed. The PSC represents, however, that its decision must be rendered in this matter on or before November 12, 1991, 180 days following the filing of the application. See NRS 704.100; NRS 704.110; NRS 704.120. Thus, the application was apparently filed May 16, 1991.
[2] The utilities did not name as a defendant the Consumer Advocate, even though the Consumer Advocate apparently has copies of the price terms at issue. However, the district court has allowed the Consumer Advocate to participate fully in the action below, and the challenged district court order applies specifically to the Consumer Advocate.
[3] The Commission has conceded before this court that the district court has jurisdiction to consider the request for extraordinary relief. The Commission has nonetheless argued the merits of the issue of whether extraordinary relief is available to the utilities below, and has requested, in the interest of judicial economy, that this court determine that the Commission acted properly below. This we decline to do. Petitions for extraordinary relief should, in the first instance, be addressed to the appropriate district court. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). We express no opinion with respect to the merits of the issues pending below.
[4] The Honorable Charles E. Springer did not participate in the decision of this matter.