Submitted on record and briefs April 28, affirmed June 28, 1995

Raymond A. LIMBRICK,
*Appellant,*

*v.*

PRESIDING JUDGE,
Fourth Judicial District,
and Chief Criminal Judge,
Fourth Judicial District,
*Respondents.*

(9409-06732; CA A85941)

898 P2d 802

Raymond A. Limbrick submitted the brief *pro se.*

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals the trial court's striking under ORCP 21 E of his complaint for declaratory relief alleging that his constitutional right to appear in court proceedings in his criminal trial had been denied.[1] He argues that the trial court erred in ruling that his complaint is frivolous and does not state a justiciable controversy. *See* ORS 28.010. We affirm.

On September 15, 1994, plaintiff filed a complaint, alleging that he was the defendant in an ongoing criminal proceeding and that:

"4.

"Since July 1993 the plaintiff has been a defendant in a criminal matter in the circuit court of the fourth judicial district. He was arraigned on 25 July 1994 in this case numbered: C93-06-33938.

"5.

"In accordance with policy, procedure and rules established and or implemented by the defendants, the plaintiff was barred from judicial proceedings held in his case, to wit: a 'certification' hearing and two 'call' hearings. The plaintiff was in custody and the defendants' policy, procedure and rules bar only those criminal defendants in custody.

"6.

"The actions by the defendants, of establishing and enforcing policy, procedure and rules that bar the plaintiff from the courtroom, [are] deliberate, willful, intentional and systematically deprive[] the plaintiff, and others similarly situated, of the constitutionally secured right to be present at all and every judicial proceeding, in open court, that pertains to or relates to his/their criminal proceeding.

"7.

"The plaintiff has no plain or adequate remedy at law to redress this deprivation of his rights except this instant civil action."

---

[1] *See Rushen v. Spain*, 464 US 114, 117, 104 S Ct 453, 78 L Ed 2d 267 (1983) (the right to be personally present at all critical stages of the trial is a fundamental right of each criminal defendant under US Const, Amend XIV); *State v. Carcerano*, 238 Or 208, 226, 390 P2d 923 (1964), *cert den* 380 US 923 (1965).

The trial court dismissed the complaint pursuant to ORCP 21 E, ruling:

> "The so-called Complaint is frivolous on its face, does not state a justiciable controversy and appears to be interposed by a prisoner against the defendants to embarrass them."

It is questionable whether ORCP 21 E authorizes the dismissal of an entire complaint.[2] *See Oksenholt v. Lederle Laboratories*, 294 Or 213, 215, 656 P2d 293 (1982) (holding that a motion to strike a complaint under *former* ORS 16.100 should have been raised as a demurrer under *former* ORS 16.260(6) on the ground that the complaint failed to state sufficient facts to state a claim). Nonetheless, we treat the matter as if it were made under ORCP 21 A(8). *Oksenholt*, 294 Or at 215. We need not decide whether the trial court's reasons for dismissing the claim are correct, because there is another reason why defendant's complaint was properly dismissed.

In *Nelson v. Knight*, 254 Or 370, 460 P2d 355 (1969), the plaintiff had been indicted for illegal possession of a dangerous drug. He brought a declaratory judgment proceeding seeking a declaration that an improper procedure had been followed in designating Amphetamine as a dangerous drug. He asked that the prosecutor be enjoined from prosecuting him. *Id.* at 371. The court rejected that argument, saying:

> "The basic issues to be considered in determining whether a complaint for declaratory relief should be entertained when another action is pending were identified in *Recall Bennett Com. v. Bennett*, 196 Or 299, 323, 249 P2d 479 (1952):
>
> " '* * * In this connection, we quote from Borchard [Declaratory Judgments (2d ed), p 302] as follows:

---

[2] ORCP 21 E provides:

"Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 10 days after the service of the pleading upon such party or upon the court's own initiative at any time, the court may order stricken: (1) any sham, frivolous, or irrelevant pleading or defense or any pleading containing more than one claim or defense not separately stated; (2) any insufficient defense or any sham, frivolous, irrelevant, or redundant matter inserted in a pleading."

" ' "Reference will hereafter be made to the fact that the court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither useful nor proper to issue the declaration. * * *" '

"* * * * *

"If another pending legal proceeding can decide the issues as effectively as a declaratory judgment proceeding, a declaratory judgment suit is not authorized. This is so whether the pending proceeding be criminal or civil.

"* * * * *

"In the present case there is no evidence, and we can think of no reason, why the issues which plaintiff seeks to have determined cannot be decided effectively in the pending criminal action." *Id.* at 371-73. (Bracketed material in original.)

At the time plaintiff initiated this complaint, there was a pending criminal action that gave rise to the alleged constitutional deprivations of which plaintiff complains. Plaintiff's pleading does not demonstrate why those issues could not have been litigated effectively in that proceeding. Therefore, we hold that plaintiff is barred from bringing this complaint for declaratory relief because the pending criminal proceeding could have determined whether his constitutional rights had been violated.

Affirmed.