# IN THE SUPREME COURT OF THE STATE OF NEVADA

INEZ TUTTLE, AN INDIVIDUAL,
Appellant,

vs.

STEWART TITLE OF NEVADA
HOLDING; STEWART TITLE
COMPANY, A TEXAS CORPORATION;
JOHN CONNOLLY, AN INDIVIDUAL;
JAMES D. TRUSSELL,
INDIVIDUALLY; MARLENA P.
TRUSSELL, INDIVIDUALLY AND AS
HUSBAND AND WIFE; MARILYN A.
SPENCER, AN INDIVIDUAL; AND
SUZANNE HASKINS, AN INDIVIDUAL
AND AS AN OFFICER OF STEWART
TITLE HOLDING OF NEVADA
AND/OR STEWART TITLE, A TEXAS
CORPORATION,
Respondents.

No. 65369

FILED

NOV 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a proper person appeal from a district court order granting a motion to dismiss in a real property action. Our review of the record on appeal reveals a jurisdictional defect. Specifically, it does not appear that a final judgment has been entered, as appellant's claims against respondents James D. Trussell, Marlena P. Trussell, and Marilyn A. Spencer remain pending below.[1] Because the appealed-from order is

---

[1]Appellant's claims against John Connolly likewise appear to remain pending, although it is unclear whether Connolly was properly served with process. *See Rae v. All Am. Life & Cas. Co.*, 95 Nev. 920, 922, 605 P.2d 196, 197 (1979) (recognizing that a named defendant who is not served with process is not considered to be a party for purposes of determining the finality of a district court order).

14-37616

not a final judgment, NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000),[2] and because no other statute or rule authorizes this appeal, we lack jurisdiction to consider the appeal at this time.[3] *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). Accordingly, we

ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[2]The record indicates that the Trussels and Spencer filed a joinder to respondent Stewart Title Company's motion to dismiss. But because the district court's February 21, 2014, dismissal order does not appear to resolve appellant's claims against these three respondents, the February 21 order is not a final judgment. *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 444, 874 P.2d 729, 733 (1994) (recognizing that this court determines the finality of an order by looking to what the order actually does).

[3]This order does not preclude any party from filing a new notice of appeal from any future final judgment or other appealable order.

cc: Hon. Michael P. Gibbons, District Judge
    Inez Tuttle
    Alling & Jillson, Ltd.
    John Connolly
    Kolesar & Leatham, Chtd.
    Douglas County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A