An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

STANLEY RIMER,
Appellant,
vs.
STATE OF NEVADA; NEVADA
DEPARTMENT OF CORRECTIONS;
JENNIFER NASH; DWIGHT NEVEN;
JAMES COX; E.K. MCDANIEL; BRIAN
SANDOVAL; CATHERINE CORTEZ
MASTO; ROSS MILLER; FRANK
DREESON; JAMIE RAINONE;
TIMOTHY FILSON; AND MR. LEAVITT,
Respondents.

No. 66170

**FILED**

JUL 2 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order dismissing a civil rights and tort action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

We review de novo the district court's order dismissing the action for failure to state a claim. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (explaining that a complaint should be dismissed under NRCP 12(b)(5) "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle it to relief"). Although exhaustion was the focus of respondents' motion to dismiss and the district court's corresponding dismissal order, respondents also moved to dismiss generally for failure to state a claim under NRCP 12(b)(5). Appellant properly filed a first amended complaint

SUPREME COURT
OF
NEVADA

(O) 1947A

15-22262

before any answer was filed, and thus, we consider his amended complaint in our de novo review. NRCP 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."); NRCP 7 (listing permissible pleadings, not including a motion to dismiss). That complaint, however, fails to state a viable claim for relief. Thus, having considered appellant's appeal statement, respondents' response thereto, and the record, we conclude that the district court properly dismissed the action. *See Rae v. All American Life and Cas. Co.*, 95 Nev. 920, 923, 605 P.2d 196, 197 (1979) (a district court order will be affirmed on appeal if supported by any of the theories presented); *Nelson v. Sierra Constr. Corp.*, 77 Nev. 334, 343, 364 P.2d 402, 406 (1961) (upholding a dismissal for failure to state a claim, even though the district court based the dismissal on different reasons).

Appellant's first amended complaint asserted claims relating to perceived abuses of the inmate grievance procedure. Appellant has, however, no constitutional or other right to have the grievance procedure carried out in a specific manner. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("[An inmate] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction."); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he Constitution creates no entitlement to grievance procedures or access to such procedures voluntarily established by the state." (agreeing with *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994))); *Hernandez v. Bennett-Haron*, 128 Nev., Adv. Op. 54, 287 P.3d 305, 310 (2012) (explaining that, with regard

to due process protections under the Nevada Constitution, this court is guided by federal precedent).

Further, to the extent that appellant asserted otherwise viable claims for relief with respect to prison conditions, it is unclear that he properly exhausted the grievance process for those claims. Before suing the Department of Corrections or any of its employees, an inmate must exhaust his administrative remedies, unless doing so is futile. NRS 41.0322(1); *Abarra v. State*, 131 Nev., Adv. Op. 3, 342 P.3d 994, 996 (2015); *Berry v. Feil*, 131 Nev., Adv. Op. 37, ___ P.3d ___ (Ct. App. 2015); *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (explaining that federal law does not require exhaustion when administrative remedies effectively are unavailable). Appellant contends that while some grievances were exhausted, with others he was prevented from exhausting his administrative remedies by respondents' "willful obstruction" and "falsified reports," in that some grievances were treated as duplicative and not addressed or allowed to be resubmitted. But it is not clear from the complaint and other papers which grievances were exhausted, in part because appellant failed to provide a "simple, concise, and direct" statement of the facts, NRCP 8(e)(1), and appellant has not sufficiently alleged that he was prevented from exhausting his administrative remedies. One of the things that appellant must show in seeking to be excused from the exhaustion requirement is "that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Sapp*, 623 F.3d at 824. Here, from what can be gleaned from the record, many of appellant's grievances were properly denied as duplicative, untimely, and inappropriate. Further, appellant repeatedly grieved those issues, rather than appealing to the next level as

required by Administrative Regulation 740.03(6) and (8). Accordingly, appellant has not shown that exhaustion is excused. For the above reasons, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Nancy L. Allf, District Judge
  Stanley Earnest Rimer
  Attorney General/Carson City
  Eighth District Court Clerk

---

[1]In light of this order, we deny appellant's July 21, 2015, motion to supplement his civil proper person appeal statement.